No. 83–911. UNITED STATES BREWERS ASSN., INC., ET AL. *v.* RODRIGUEZ, DIRECTOR OF THE NEW MEXICO DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL; and

No. 83–927. ANHEUSER-BUSCH, INC. *v.* RODRIGUEZ, DIRECTOR OF THE NEW MEXICO DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL. Appeals from Sup. Ct. N. M. dismissed for want of substantial federal question. JUSTICE POWELL took no part in the consideration or decision of these appeals. Reported below: 100 N. M. 216, 668 P. 2d 1093.

JUSTICE STEVENS, concurring.

The New Mexico Discrimination in Selling Act, enacted in 1967, N. M. Stat. Ann. §§ 60–12–1 through 60–12–10 (1978), limited the price which a producer of "alcoholic liquor" (defined to exclude malt beverages such as beer) could charge New Mexico liquor wholesalers to the lowest price it charged wholesalers in any other State during the preceding month. In 1979, the New Mexico Legislature amended the statute, commonly referred to as a price affirmation law, to extend its coverage to malt beverages. 1979 N. M. Laws, ch. 83.

The appellants, producers of malt beverages, filed this action in the New Mexico District Court of Santa Fe County for declaratory and injunctive relief challenging the validity of the 1979 amendment on state and federal constitutional grounds. Specifically, appellants argued that the amended Act constituted a burden on commerce in violation of the Commerce Clause and conflicted with federal antitrust laws in violation of the Supremacy Clause. In 1980, the District Court entered summary judgment for appellee, upholding the constitutionality of the 1979 amendment. The New Mexico Supreme Court affirmed the judgment of the District Court and remanded for further proceedings, rejecting appellants' federal constitutional claims that the amended statute was invalid on its face. *United States Brewers Assn., Inc.* v. *Director, Dept. of Alcoholic Beverage Control,* 100 N. M. 216, 668 P. 2d 1093 (1983). The court relied on this Court's decisions in *Joseph E. Seagram & Sons, Inc.* v. *Hostetter,* 384 U. S. 35 (1966), and *Rice* v. *Norman Williams Co.,* 458 U. S. 654 (1982).

In 1981, while the appeal to the New Mexico Supreme Court was pending, the New Mexico Legislature repealed the 1967 Act, as amended, and enacted a new price affirmation law. N. M.

Stat. Ann. §§ 60–8A–12 through 60–8A–15 (1981). While in most respects the 1981 Act is a recodification of the previous statute, it differs from the prior law in one respect which appellants in No. 83–911 argue is significant for purposes of constitutional analysis. The 1981 Act does not limit wholesale prices to the lowest price charged in other States *in the preceding month*, but instead employs a different time period as the reference point.

The New Mexico Supreme Court expressly noted that the 1967 Act had been repealed and replaced by the 1981 Act. 100 N. M., at 217, n. 1, 668 P. 2d, at 1094, n. 1. It did not pass on the validity of the 1981 Act, however, and limited its consideration to the 1967 Act as amended in 1979. Indeed, it does not appear that appellants ever specifically requested the court to construe the 1981 Act or to rule on its validity.

Appellants in No. 83–911 ask us to vacate the judgment below and to remand the case to the New Mexico Supreme Court "for clarification of the implications for this case of the 1981 amendments" and for further consideration in light of this Court's decision in *Healy* v. *United States Brewers Assn., Inc.,* 464 U. S. 909 (1983), summarily aff'g 692 F. 2d 275 (CA2 1982). Juris. Statement 11. Appellant in No. 83–927, on the other hand, maintains that since the New Mexico Supreme Court did not rule on the effect or validity of the 1981 statute, no question concerning the 1981 statute is involved in this appeal. Appellant in No. 83–927 also demonstrates that the question of the validity of the 1967 Act as amended in 1979 is not moot.

Our recent decision in *Healy*, invalidating a Connecticut price affirmation statute, does not undermine the New Mexico Supreme Court's reliance on *Joseph E. Seagram & Sons, Inc.* v. *Hostetter* and *Rice* v. *Norman Williams Co.* in upholding the constitutionality of the 1967 New Mexico Act as amended in 1979. Moreover, it seems quite plain that the New Mexico Supreme Court did not pass on the validity of the 1981 Act. Thus, we have no occasion to consider whatever relevance *Healy* might have to a constitutional challenge of the 1981 Act in these appeals. Nor do we have any power to order the state court to pass on a question that was apparently not properly presented to it when it entered the judgment we are now being asked to review. I therefore concur in dismissing these appeals from the judgment upholding the 1967 Act as amended in 1979 for want of a substantial federal question without reaching any issue which might exist concerning the 1981 Act.