■ In the Matter of the Arbitration between EDWIN PROBST, Respondent, and MIDWEST MUTUAL INSURANCE COMPANY, Appellant.— In an arbitration proceeding the appeal is from (1) an order of the Supreme Court, Richmond County, dated December 20, 1971, which granted the claimant's motion to confirm the arbitrator's award and denied appellant's cross motion to vacate or modify the award, and (2) the judgment of the same court, entered December 22, 1971, in favor of the claimant, upon the award. Order and judgment affirmed, with one bill of $10 costs and disbursements. Although we affirm both the order and the judgment, we do not pass upon the question of the extent of the ultimate liability of Midwest Mutual Insurance Company or Empire Mutual Insurance Company as between themselves. Under the order entered November 7, 1968 in New York County this issue was "left for determination by the proper tribunal at the time damages may be assessed".

Hopkins, Acting P. J., Shapiro, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the order and judgment and to deny the motion to confirm the award, with the following memorandum: I believe the application to confirm this award was improperly brought in Richmond County; further, that the award was imperfectly executed and, moreover, in excess of the arbitrator's powers. The claimant owned a motorcycle and an automobile; the motorcycle was insured by appellant, Midwest Mutual Insurance Company, the automobile by Empire Mutual Insurance Company. Both the Midwest and Empire policies contained, as they must, the standard New York Automobile Accident Indemnification Endorsement (hereinafter called NYAAI Endorsement) providing coverage for injuries sustained by the insured in an accident involving an uninsured automobile, up to a maximum of $10,000. The NYAAI Endorsement contains the following provisions: "If the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, *and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance*" (italics supplied). While riding his motorcycle, the claimant sustained injuries in an accident involving a "hit and run" (i.e., uninsured) automobile; and it is clear that both the Midwest and Empire policies applied and provided coverage to him under their respective NYAAI Endorsements. The claimant served a demand for arbitration of his claim under the Midwest policy. Midwest moved in the Supreme Court, New York County, for a stay of arbitration or, alternatively, to limit its liability, under the above-quoted provision, to one half of the actual damages or $5,000, whichever was less. Justice Markowitz stayed arbitration pending a preliminary trial of the "hit and run" issue and directed that the issue as to the amount of Midwest's liability be "left for determination by the proper tribunal at the time damages may be assessed". Justice Mangan tried the "hit and run" issue, found that this was a "hit and run" accident and directed that arbitration proceed. When the arbitration hearing was held, Midwest tried to raise the issue of the extent of its liability under the above-quoted provision, in view of the applicability of the Empire policy and Justice Markowitz's direction, but the arbitrator refused to consider that issue and awarded $8,000 to the claimant in full payment for his injuries; in his award he specifically stated that he had not given any consideration "to the question attempted to be raised concerning policy coverage by the Empire Mutual Insurance Company and Mid-West Mutual Insurance Company." Thereafter, the claimant moved in the Supreme Court, Richmond County, to confirm the award. Midwest opposed, contending that the motion should have been made in New York County, that the award was imperfectly executed because of the arbitrator's refusal to consider and decide the issue of the extent of its liability in light of the applicable Empire policy, and that the award exceeded the arbitrator's powers since it awarded more in damages than Midwest's liability under its policy. Special Term overruled all these contentions and confirmed the award; and the majority is affirming that determination. In my opinion Special Term's determination was incorrect and all of Midwest's contentions have merit. With respect to venue, this application in Richmond County to confirm the arbitrator's award was not a new proceeding, but merely a "subsequent application" in the special proceeding previously brought and tried out at length in New York County. Hence, it should have been made in that New York County proceeding, it was improper to make it in Richmond County and for that reason it should have been

denied (CPLR 7502, subd. [a]; see, also, Practice Commentary and Legislative Studies and Reports on that section in McKinney's Cons. Laws of N. Y., Book 7B, CPLR, pp. 480–481). With respect to the award, it seems plain to me that the previously-quoted provision of the NYAAI Endorsement made Midwest liable to the claimant for only its pro rata share (i.e., one-half) of the total damages sustained by the claimant, in view of the applicability of Empire's policy and Empire's consequent liability to the claimant thereunder for the other half. Hence, the arbitrator "exceeded his power" (CPLR 7511, subd. [b], par. 1, cl. [iii]) by awarding the full amount of the claimant's damages against Midwest, since the NYAAI Endorsement in Midwest's policy specifically barred such award of full damages in a case like this (see *Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.]*, 25 N Y 2d 451). Apart from the foregoing, the arbitrator's refusal to consider and determine the issue whether the quoted provision reduced Midwest's liability to the claimant to only one half of his damages made the award "imperfectly executed" (CPLR 7511, subd. [b], par. 1, cl. [iii]), not only because it left undetermined one of the major issues raised by Midwest, but also because it failed to comply with Justice Markowitz' direction that this issue be determined "by the proper tribunal at the time damages may be assessed". Obviously, the "proper tribunal" for determination of this issue was the arbitrator, since he was the one assessing the damages and Justice Markowitz's order required that the tribunal assessing the damages simultaneously decide the issue of the extent of Midwest's liability for them. As the award was imperfectly executed and, in addition, exceeded the arbitrator's power, it should not have been confirmed (see CPLR 7510, 7511; *Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.]*, supra). For all the foregoing reasons I vote to reverse and deny the motion to confirm the award.