■ In the Matter of D. M. C. CONSTRUCTION CORP., Respondent, v A. LEO NASH STEEL CORP., Appellant.—Appeal by A. Leo Nash Steel Corp., as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated September 7, 1978, as (1) granted the motion of D. M. C. Construction Corp. for a change of venue, of a proceeding commenced by A. Leo Nash Steel Corp. to confirm an arbitrator's award, from the Supreme Court, Erie County, to the Supreme Court, Kings County, and (2) directed that a hearing be held on D. M. C. Construction Corp.'s motion to vacate the award upon the ground that one of the arbitrators was biased. Order reversed insofar as appealed from, with $50 costs and disbursements, and the motion for a change of venue and the motion to vacate the arbitrator's award are denied, without prejudice to renewal in Erie County. D. M. C. Construction Corp. (hereinafter D. M. C.) is a general contractor with offices in Brooklyn. A. Leo Nash Steel Corp. (hereinafter Nash Steel) is a Massachusetts corporation with its principal place of business in that State. In September, 1974 D. M. C., as general contractor, and Nash Steel, as a subcontractor, entered into an agreement whereby the latter agreed to perform certain steel work in connection with the construction of a building known as the Niagara Geriatric Center in Niagara Falls, New York. In January, 1975 Nash Steel completed its work and sought payment. D. M. C. demanded that Nash Steel reduce its bill by approximately $60,000 upon the ground that Nash Steel's tardy completion of the work had damaged D. M. C. in that amount. This demand was refused by Nash Steel and D. M. C. commenced an action in the Supreme Court, Kings County, to recover damages from Nash Steel for breach of contract. Thereafter, Nash Steel filed a mechanic's lien against the property and brought suit to foreclose its lien in the Supreme Court, Niagara County. At the same time, Nash Steel served a demand for arbitration upon D. M. C. pursuant to a broad arbitration clause contained in the September, 1974 contract between the parties. CPLR 7503 (subd [a]) provides that where an issue claimed to be arbitrable is involved in a pending action, an application to either stay or compel arbitration *must* be made in the pending action rather than by means of a separate special proceeding. D. M. C. disregarded the mandate of the statute despite (1) the pendency of the Niagara County action by Nash Steel to foreclose its mechanic's lien and (2) the pendency of its own Kings County action to recover for breach of contract. Instead, D. M. C. commenced a separate special proceeding by service of an order to show cause and petition for a permanent stay of arbitration (Kings County Index No. 6098/

75). Nash Steel did not object to this unauthorized procedure but, rather, cross-moved in the special proceeding to compel arbitration. Special Term, Kings County, dismissed D. M. C.'s petition seeking a stay of arbitration, granted Nash Steel's application to compel arbitration and stayed prosecution of the two pending actions. On appeal, this court affirmed *(Matter of D. M. C. Constr. Corp. v Nash Steel Corp.,* 50 AD2d 560). D. M. C. then moved in the special proceeding (Kings County Index No. 6098/75) to change the venue of the arbitration to Kings County. Special Term, Kings County, granted the requested change of venue. This court affirmed *(Matter of D. M. C. Constr. Corp. v Nash Steel Corp.,* 51 AD2d 1040), but the Court of Appeals reversed and directed that the arbitration be held in the place chosen by the arbitrators, the City of Buffalo in Erie County (41 NY2d 855). D. M. C.'s next step was to commence what amounted to an entirely new special proceeding in Kings County (Index No. 5129/77) to disqualfiy the American Arbitration Association from administering this arbitration. Special Term, Kings County, denied that application. Then D. M. C. moved for discovery in aid of arbitration, with its papers bearing both Index Nos. 6098/75 and 5129/77. That motion was granted. On May 26, 1978, after a hearing, the arbitrators awarded Nash Steel $194,260. On August 16, 1978 Nash Steel commenced a special proceeding to confirm the arbitrators' award in the Supreme Court, Erie County. On August 23, 1978 D. M. C. moved in Supreme Court, Kings County, with its papers again bearing both Index Nos. 6098/75 and 5129/77, to change the place of venue of Nash Steel's new special proceeding to confirm the award from Erie to Kings County and at the same time it moved to vacate the award upon the ground that one of the arbitrators was biased. On September 7, 1978 Special Term, Kings County, (1) granted D. M. C.'s motion to change the venue of Nash Steel's proceeding to confirm the award to Kings County, (2) ordered a hearing to be held there on D. M. C.'s motion to vacate the award, and (3) consolidated the proceeding to confirm with the proceeding to vacate the award. Nash Steel has appealed from this order. CPLR 7502 (subd [a]) and CPLR 7503 (subd [a]), when read together, require that the "first application" arising out of an arbitrable controversy must be made by making a motion to either stay or compel arbitration in a pending action if the issue claimed to be arbitrable is involved in that pending action, and if no such action is pending, then the application to compel or stay arbitration must be made by instituting a special proceeding for that relief. All "subsequent applications" must also be made in the pending action or special proceeding (CPLR 7502, subd [a]). By making its first application concerning the arbitration by means of a special proceeding rather than by motion in one of the pending actions, D. M. C. charted its own procedural course through the courts, and Nash Steel acquiesced in this unauthorized procedure by failing to object. The result is that although the actions for breach of contract and to foreclose the mechanic's lien are still pending, the parties must be governed by the rules governing special proceedings. The case of *Matter of Probst (Midwest Mut. Ins. Co.)* (39 AD2d 914, affd 32 NY2d 634) stands for the proposition that prior special proceedings to compel or stay arbitration are no longer pending after a judgment is entered directing arbitration and the arbitration has been held pursuant thereto. Since the original proceeding is no longer pending, *Probst (supra)* holds that a new special proceeding to confirm the arbitrator's award may be commenced and the venue of that new proceeding may be selected as if there had been no prior proceedings. CPLR 7502 (subd [a]) governs the selection of venue of special proceedings involving arbitration. It provides, in substance, that such

proceedings may be brought (1) in the county specified in the contract, or if not specified, (2) in a county where one of the parties resides or does business, or if there is no such county, (3) in a court in any county or in a court in the county where the arbitration was held. Since the instant contract was silent as to venue, the statute required that venue of the special proceeding be laid in a county in which one of the parties resides or does business. Nash Steel is a foreign corporation with its offices in another State. D. M. C. is a domestic corporation with offices in Kings County. Accordingly, the proper venue for the new special proceeding was Kings County where D. M. C. does business and not Erie County. Where venue is laid in an improper county, a party wishing to change venue as of right to a proper county must serve a demand to change the place of trial to the proper county at any time before the service of a responsive pleading is due (CPLR 511, subd [a]). Having failed to serve a timely demand for a change of venue and having failed to make a motion within the 15-day requirement of the statute (CPLR 511, subds [a], [b]), D. M. C. was not entitled to a change of venue as of right *(Callanan Ind. v Sovereign Constr. Co.,* 44 AD2d 292, 295; 2 Weinstein-Korn-Miller, NY Civ Prac, pars 510.06, 511.05). Its motion thus became one addressed to the discretion of the court which could be exercised on either of the grounds specified in CPLR 510 (subds 2, 3). However, a motion to change venue on discretionary grounds is governed by the usual rules of motion practice and must be made in the county where the proceeding is pending or in any county in the judicial district or in any adjoining county (CPLR 2212, subd [a]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 511:1, p 136). The preferred practice is to move in the county in which the objectionable venue was laid *(Baker v Pollak & Sons,* 277 App Div 11). Where, as here, a motion to change venue on a discretionary ground is made in the "wrong county" and timely objection is raised to the improper venue of the motion itself, Special Term should deny the motion without prejudice to renewal in a proper county. Since the Kings County special proceedings are no longer pending under the rule in *Probst* (39 AD2d 914, *supra),* D. M. C.'s motion to vacate the arbitrator's award should also have been denied without prejudice to renewal in Erie County. Finally, we note that the present procedural tangle has been caused by the failure of the parties to follow the plain mandates of the CPLR with respect to arbitrable disputes. The result, however, is not an exaltation of form over substance. The allegedly biased arbitrator is a resident of Niagara Falls in Niagara County, which adjoins Erie county where the arbitration was held and where Nash Steel's proceeding to confirm the award was commenced. If a hearing is required on the issue of bias, all the prospective witnesses reside in the area of Buffalo and Niagara Falls and it is unlikely that their convenience would be served by requiring them to come to the other end of the State for a hearing in Kings County. Damiani, Rabin and Martuscello, JJ., concur.

Suozzi, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum, in which Mollen, P. J., concurs: Special Term, Kings County, (1) granted the motion of D. M. C. Construction Corp. (D. M. C.) for a change of venue of a proceeding commenced by Nash Steel to confirm an arbitrator's award from the Suprme Court, Erie County, to the Supreme Court, Kings County, and (2) directed that a hearing be held on D. M. C.'s motion to vacate the arbitration award upon the ground that one of the arbitrators was biased. In reversing the order insofar as appealed from, the majority holds that D. M. C.'s motion for a change of venue and D. M. C.'s motion to vacate should have been denied without prejudice to

renewal in Erie County. I respectfully disagree with the majority's conclusion. In reaching its conclusion, the majority has, in my view, erroneously and improperly relied on the case of *Matter of Probst (Midwest Mut. Ins. Co.)* (39 AD2d 914, affd 32 NY2d 634), which at best has only negligible precedential value, and should be disregarded at this juncture. Furthermore, assuming, *arguendo,* that *Probst* is controlling here, it is my view that the result reached by the majority would still be incorrect. Where an issue claimed to be arbitrable is involved in a pending action, an application to either stay or compel arbitration must be made in the pending action. If no action is pending, the application to either stay or compel arbitration must be instituted by a special proceeding. Since D. M. C. had instituted an action in Kings County for breach of contract (indeed, this action was commenced before Nash's suit to foreclose its lien in Niagara County), which involved the issue to be arbitrated, D. M. C. should have moved for a stay of arbitration in that action. Instead, D. M. C. commenced a separate special proceeding for that relief in Kings County (Kings County Index No. 6098/75). Nash did not object to this procedural error. It merely cross-moved in the Kings County special proceeding to compel arbitration and the parties obviously operated as if no action was pending. (Special Term thereafter entered a judgment granting Nash's application to compel arbitration.) Viewed in this perspective, the special proceeding commenced by D. M. C. was otherwise altogether proper since it was instituted in Kings County, the county where D. M. C. was doing business (see CPLR 7502, subd [a]). Once D. M. C. (with Nash's consent) brought "the first application arising out of an arbitrable controversy" (CPLR 7502, subd [a]) by way of a special proceeding, all subsequent applications were to be made by motion in that special proceeding (see CPLR 7502, subd [a]). D. M. C. complied with this provision by moving in the Kings County special proceeding (Index No. 6098/75) to change the venue of the arbitration hearing. Special Term, Kings County, granted the requested change of venue, this court affirmed *(Matter of D. M. C. Constr. Corp. v Nash Steel Corp.,* 51 AD2d 1040), but the Court of Appeals reversed and directed that the arbitration be held in the place chosen by the arbitrators, the City of Buffalo in Erie County (41 NY2d 855). Thereafter, D. M. C. made an application to disqualify the American Arbitration Association from administering the arbitration. Instead of making this application by way of a motion in the Kings County special proceeding, D. M. C. instituted an entirely new special proceeding in Kings County (Index No. 5129/77) requesting that relief. Again, Nash did not object to this procedural error. On May 26, 1978, after a hearing, the arbitrators ruled in favor of Nash. On August 16, 1978 Nash commenced a special proceeding in Erie County to confirm the arbitrator's award. On August 23, 1978 D. M. C. moved in the Supreme Court, Kings County, with its papers bearing Index Nos. 6098/75 and 5129/77, to (1) change the place of venue of Nash's special proceeding to confirm the arbitration award from Erie to Kings County and (2) vacate the arbitration award on the ground of bias. On September 7, 1978 Special Term, Kings County, (1) granted D. M. C.'s motion to change the venue of Nash's special proceeding to confirm the award from Erie to Kings County, (2) ordered a hearing to be held in Kings County on D. M. C.'s motion to vacate the award, and (3) consolidated the proceeding to confirm with the proceeding to vacate the award. In so holding, Special Term stated, in pertinent part: "Pursuant to CPLR 7502(a) all applications concerning arbitration shall be made in the county in which there is already pending an action or proceeding concerning said arbitration * * * It appears that there have been extensive proceedings in this court concerning the instant

arbitration including numerous applications and orders." Special Term was obviously of the view, with which I agree, that the arbitration proceeding which had been commenced in Kings County, was still pending and that, pursuant to CPLR 7502 (subd [a]), Nash's application to confirm the award had to be made in Kings County. In rejecting this reasoning, the majority is of the view that under the authority of *Probst* (39 AD2d 914, affd 32 NY2d 634, *supra)*, once the arbitration hearing was concluded, all prior proceedings to compel or stay arbitration were no longer considered pending and a new proceeding to confirm could be commenced, and venue of that new proceeding selected, as if there had been no prior proceedings. In my view, *Probst* cannot be relied on for that proposition. In *Probst,* the initial application arising out of the arbitrable controversy was one to stay arbitration, and it was granted in New York County. Subsequently, the stay was vacated, and an arbitration hearing was conducted. The claimant, in whose favor the arbitration award was rendered, moved in Richmond County to confirm. The insurer opposed the motion contending that (1) the motion to confirm should have been made in New York County, (2) the award was imperfectly executed and (3) the award exceeded the arbitrator's powers. Special Term rejected all of the insurer's arguments. The majority of this court affirmed the order and judgment of Special Term, but in so doing did not discuss any of the insurer's contentions, including the one regarding venue. (The dissent did address the venue issue directly, stating that the "application * * * to confirm the arbitrator's award was not a new proceeding, but merely a 'subsequent application' in the special proceeding previously brought * * * in New York County. Hence, it should have been made in that New York County proceeding, [and] it was improper to make it in Richmond County" *[Probst, supra,* p 915].) The Court of Appeals affirmed the order of this court without opinion. However, the synopsis of the arguments in the Court of Appeals reveals that the respondent claimant contended that the appellant insurer was not prejudiced by its making the motion to confirm in Richmond County, rather than that the choice of Richmond County was proper. In view of this court's failure to discuss the issue of venue in *Probst,* the nature of the claimant's argument in the Court of Appeals regarding venue, and the Court of Appeals affirmance of *Probst* without opinion, it is totally inappropriate for the majority to rely on the decision in *Probst* in disregard of the common sense meaning of the last sentence of CPLR 7502 (subd [a]): "All subsequent applications shall be made by motion in the pending * * * special proceeding." As noted in the commentary to this section, "The last sentence assures that all matters relating to the same controversy are brought before the same court" (Thornton, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 7502, p 480). In this regard, Carmody-Wait 2d specifically states (vol 23, NY Prac, § 141.179, p 116): "If, however, the application to confirm the award is not the first application to have been made in the arbitration proceeding, then the application shall be made by way of motion in the special proceeding theretofore commenced." Moreover, even assuming, *arguendo,* that *Probst* is controlling and that Nash had the right to commence a new special proceeding, the majority concedes that Nash erred in bringing its application to confirm in Erie and not Kings County. CPLR 7502 (subd [a]), which governs the selection of venue in special proceedings involving arbitration, provides in substance that such proceedings may be brought pursuant to the following priorities: (1) in the county specified in the contract, or if not specified, (2) in a county where one of the parties resides or does business, or if there is no such county, (3) in a court in any county

or in a court in the county where the arbitration was held. Since Nash is a foreign corporation and D. M. C. has offices in Kings County, Nash's new special proceeding should have been brought in Kings County and the majority so concedes.* Since everyone concedes that Nash chose the wrong county when it commenced its proceeding to confirm the award, it must be determined what relief D. M. C. was entitled to and by what mechanism it could achieve that relief. Since venue was laid by Nash in an improper county, D. M. C. could have moved to change venue as of right to a proper county provided that it served a timely demand on Nash to change the place of the proceeding to the proper county pursuant to CPLR 511 (subds [a], [b]). As the majority correctly notes, D. M. C. failed to serve this demand. Nevertheless, it has been held that where a party has the right to a change of venue but neglects to make a timely demand for same, he may still move for an order in the court's discretion changing the improper venue *(Reichenbach v Corn Exch. Bank Trust Co.,* 249 App Div 539; *De Litta v Milde,* 52 Ad2d 548). However, it has also been held that a motion to change venue which is addressed to the court's discretion, must be made in the county whose venue is objected to *(Baker v Pollak & Sons,* 277 App Div 11). In this case, D. M. C.'s discretionary motion should have been made in Erie County not Kings. Under these circumstances, the preferable practice would have been for Special Term, Kings County, to have denied the motion to change venue without prejudice to renewal in Erie county. Nevertheless, Special Term, Kings County, did decide the motion and since the motion, although made in the wrong county, was not jurisdictionally defective (see *Cwick v City of Rochester,* 54 AD2d 1078), it should be reviewed at this late juncture on the merits. In holding that Special Term abused its discretion in changing venue, the majority relies on the fact that the arbitrator is a resident of Niagara County, which adjoins Erie County, and all of the witnesses live in the Buffalo and Niagara Falls area. Consequently, the majority holds that D. M. C. failed to establish, pursuant to CPLR 510 (subd 3) that "the convenience of material witnesses and the ends of justice will be promoted by the change." In so holding, the majority ignores the vast difference between the hearing on the very limited issue of the arbitrator's bias ordered by Special Term, and the original arbitration hearing where the convenience of numerous witnesses to be called by both sides in the controversy influenced the arbitrators to choose Erie County. In view of the fact that Nash's choice of Erie County was incorrect even under the authority of *Probst* (39 AD2d 914, affd 32 NY2d 634, *supra),* Special Term did not abuse its discretion in changing the venue of Nash's proceeding to confirm from Erie to Kings County *(Reichenbach v Corn Exch. Bank Trust Co., supra; De Litta v Milde, supra).* For all of these reasons, I dissent and vote to affirm.

---

* In view of D. M. C.'s conceded residence in Kings County and the priorities listed in CPLR 7502 (subd [a]) regarding venue, it is totally irrelevant to this discussion that the arbitration hearing was conducted in Erie County.