■ In the Matter of ANNA M. FISHMAN et al., Respondents. IRVING NEWMAN et al., Appellants; LILLIAN SCHNEIDER et al., Respondents.—In a proceeding pursuant to CPLR 7510 to confirm an arbitrators' award, the appeals are from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated June 6, 1985, which granted the petition. (We treat the notices of appeal from an order dated May 20, 1985 as premature notices of appeal from the judgment [see, CPLR 5520 (c)].)

Ordered that the judgment is affirmed, with costs.

The appellants' contention that the petitioners lacked standing to seek confirmation of the arbitrators' award is without merit. The record reveals that while the petitioners did not exercise their right to actively participate in the arbitration, they were served with a demand for arbitration, they submitted a document in support of one of the parties during that proceeding, and they were billed for causing an adjournment

of the arbitration hearings. Moreover, the arbitrators' award was binding upon the petitioners and they could have sought to vacate or modify it had they been so inclined (see, CPLR 7511). Hence, we conclude that under the unique circumstances of this case, they had sufficient standing to commence a proceeding to confirm the award. Furthermore, we note that the fixing of venue for the confirmation proceeding in Nassau County was not improper (see, Matter of D.M.C. Constr. Corp. v Nash Steel Corp., 70 AD2d 635, appeal dismissed 49 NY2d 1040; Matter of Probst [Midwest Mut. Ins. Co.], 39 AD2d 914, affd 32 NY2d 634).

The appellants' contention that Special Term improperly rewrote the partnership agreements of the parties is similarly unavailing. The arbitration clause contained in each partnership agreement recites that the arbitrators' award will be "final and binding upon the parties hereto" and that "judgment may be entered on any award or decision rendered by the arbitrators". We agree with Special Term's determination that the settlement which the appellants entered into constituted a modification of the aforementioned arbitration clause insofar as said settlement purported to nullify the arbitrators' award. Therefore, the agreement to so modify the arbitration clause required the approval of all of the partners, including the petitioners. Additionally, the settlement contravenes the arbitration clause insofar as it attempts to preclude entry of judgment upon the arbitrators' award; hence, the consent of all the partners as required (see, Partnership Law § 40 [8]).

Finally, the appellants have failed to establish sufficient factual support for their equitable estoppel defense (see generally, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, rearg denied 57 NY2d 674; Holm v C.M.P. Sheet Metal, 89 AD2d 229); hence, we find their argument in that respect to be without merit. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.