[652 NYS2d 654]

In the Matter of the Arbitration between SOLKAV SOLARTECH-
NIK, GES. M.B.H., Appellant, and BESICORP GROUP, INC., as
Successor in Interest to BIO-ENERGY SYSTEMS, INC., Re-
spondent.

Third Department, January 16, 1997

## APPEARANCES OF COUNSEL

*Goldberg, Gelman & Harnik,* New York City *(Stephen M. Harnik* of counsel), for appellant.

*Brown, Kelleher, Zwickel & Wilheim,* Windham *(Kevin M. Kelleher* of counsel), for respondent.

## OPINION OF THE COURT

WHITE, J.

In 1981, petitioner, an Austrian corporation, entered into a

license and distribution agreement with respondent's predecessor which included an arbitration clause providing as follows: "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Licensing Agreement Arbitration Rules of The American Arbitration Association".

In July 1991, respondent filed a demand for arbitration alleging that petitioner had defaulted in royalty payments. Thereafter, the American Arbitration Association (hereinafter AAA) advised the parties that, because the Licensing Agreement Arbitration Rules (hereinafter Licensing Rules) no longer existed, the arbitration would be conducted in accordance with the AAA's Commercial and Patent Arbitration Rules (hereinafter Commercial Rules) unless the parties indicated otherwise within 20 days. Petitioner raised no objection to the Commercial Rules; instead it claimed that there should be no arbitration because the parties' agreement had terminated and that their dispute should be heard by a German or Austrian court. Following an exchange of correspondence between the AAA and the parties regarding the status of the arbitration, the AAA presented the parties with a list of arbitrators from which they were to select those they deemed acceptable. Petitioner indicated that several were unacceptable and repeated its objection to conducting the arbitration in New York. Despite petitioner's protestations, the AAA appointed an arbitrator and scheduled the first hearing on January 8, 1992 in New York City.

On that date, the arbitrator failed to appear, necessitating the appointment of another. For the first time, petitioner requested that an international arbitrator be appointed and that the locale of the arbitration be changed to Germany. Both requests were denied as being untimely under the Commercial Rules. Petitioner's attorney, who had just been retained, then requested an adjournment so that he could acquaint himself with the file. The request was granted with the next hearing being scheduled for January 23, 1992. On January 13, 1992, petitioner served a demand for document production upon respondent and, on January 16, 1992, commenced a special proceeding in Supreme Court, New York County, seeking a stay of arbitration. By cross motion, respondent sought a change of venue to Ulster County. Supreme Court (Huff, J.) granted the cross motion and issued a temporary stay of arbitration pending further order of the court. After the proceeding was transferred to Ulster County, respondent

moved for summary judgment dismissing the petition. Supreme Court (Torraca, J.) granted the motion, finding that petitioner had "sufficiently participated" in the arbitration so as to foreclose relief under CPLR 7503 (b).

When the arbitration resumed, it was discovered that the Licensing Rules did exist. This prompted a motion by petitioner to have the arbitration demand vacated, which was denied on the ground of lack of prejudice. The arbitration then proceeded, culminating in an award of $431,079.81 in respondent's favor and an award of $84,318.74 in petitioner's favor against a third party. Thereafter, respondent, within the context of the aforementioned special proceeding commenced by petitioner, moved to confirm the award while petitioner cross-moved to dismiss the motion on jurisdictional grounds or, in the alternative, to vacate the award. Supreme Court denied petitioner's cross motion in its entirety and granted respondent's motion. This appeal ensued.

■ Petitioner's jurisdictional objection is predicated upon *Matter of D. M. C. Constr. Corp. v Nash Steel Corp.* (70 AD2d 635, *appeal dismissed* 49 NY2d 1040) and *Matter of Probst (Midwest Mut. Ins. Co.)* (39 AD2d 914, *affd* 32 NY2d 634). These cases stand for the proposition that prior special proceedings to compel arbitration are no longer pending after a judgment is entered directing arbitration and the arbitration has been held (*see, Matter of D. M. C. Constr. Corp. v Nash Steel Corp., supra,* at 636). As this case is exactly on point, petitioner maintains that respondent's motion to confirm lacked a jurisdictional base and should have been dismissed (*see, Matter of Village of Greenwood Lake v Mountain Lake Estates,* 189 AD2d 987, *lv dismissed* 81 NY2d 1006).

Petitioner's precedents have encountered criticism. According to the dissent in *Matter of D. M. C. Constr. Corp. v Nash Steel Corp.,* the majority "disregard[ed] * * * the common sense meaning of the last sentence of CPLR 7502 (subd [a])" the purpose of which is to assure that all matters relating to an arbitration are adjudicated before the same court* (*see, Matter of D. M. C. Constr. Corp. v Nash Steel Corp., supra,* at 639 [Suozzi, J., dissenting]). Citing Carmody-Wait 2d, the dissent indicates that where an application to confirm an award is not the first judicial application to have been made in the arbitra-

---

* CPLR 7502 (a) reads in pertinent part: "A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy * * *. All subsequent applications shall be made by motion in the pending * * * special proceeding".

tion proceeding, the application should be made by way of a motion in the proceeding previously commenced (*supra,* at 639). The dissent's position has drawn support on the Federal level (*see, Matter of Local 435 of Retail Store Empls. Union [Heinrich Motors],* 521 F Supp 418, 421) and from a leading commentator (*see,* Siegel, NY Prac § 601, at 969, n 10 [2d ed]). We also subscribe to the dissent's view in light of the clear mandate of the last sentence of CPLR 7502 (a). Accordingly, we concur with Supreme Court's assessment that it had jurisdiction to entertain respondent's motion. The Court of Appeals affirmance without opinion in *Matter of Probst (Midwest Mut. Ins. Co.)* (32 NY2d 634, *supra)* does not require a different result since such decision merely indicates the Court's approval of the Second Department's determination but not necessarily its rationale (*see, Matter of Brown-Forman Distillers Corp. v State Liq. Auth.,* 64 NY2d 479, 487, *revd on other grounds* 476 US 573).

 Turning to petitioner's motion to vacate the award, the central issue is whether the arbitrator engaged in prejudicial misconduct (*see, Matter of Professional Staff Congress/ City Univ. v Board of Higher Educ.,* 39 NY2d 319, 323; *see also,* CPLR 7511 [b] [1] [i]). Petitioner maintains that the arbitrator's refusal to conduct the arbitration under the Licensing Rules was particularly prejudicial since those rules, unlike the Commercial Rules, contain no time limitation for applying for the appointment of an international arbitrator. Thus, it maintains that its request for such appointment, which it made at the first arbitration hearing, would have been timely.

Where an agreement does not specify the time for performance, the law implies a reasonable time (*see, Savasta v 470 Newport Assocs.,* 82 NY2d 763, 765). Manifestly, the reasonable time within which to request the appointment of an arbitrator is before the appointment is made. Here, as petitioner's request was made two months after that date, we conclude it would have been deemed untimely under the Licensing Rules.

Petitioner's next argument, that the application of the Licensing Rules would have produced a more qualified panel of arbitrators, is belied by the record which shows that the panel submitted to the parties included individuals with expertise in the field of intellectual property, the subject matter of the parties' dispute.

Petitioner further maintains that it was prejudiced by the arbitrator's refusal to consider its rebuttal evidence. The record discloses that on February 28, 1995 the arbitrator agreed

to accept rebuttal evidence from petitioner provided it was submitted on or before April 21, 1995. Despite this ruling, one witness's testimony was not submitted until June 7, 1995 and another's testimony was not submitted until July 10, 1995. Under these circumstances, we cannot say that the arbitrator abused his discretion, particularly since petitioner had over three years to prepare for the arbitration which itself spanned more than six months. Moreover, petitioner failed to establish by clear and convincing proof that its rebuttal evidence constituted pertinent and material testimony (*see, Matter of Wiener Furniture Co. [Kingston City Schools Consol.]*, 90 AD2d 875).

In addition to misconduct, which we have found petitioner did not establish, it claims that the arbitrator was biased by reason of his nationality. This argument is specious. We therefore conclude that petitioner failed to meet its burden of establishing a statutory ground for the vacatur of the award.

■ Besides challenging the award, petitioner also takes issue with Supreme Court's refusal to stay arbitration and its order changing venue to Ulster County. Inasmuch as petitioner participated in the selection of the arbitrator, attended the initial hearing, requested an adjournment, served a demand for document production and did not seek a stay until eight days after the initial hearing, Supreme Court properly found that it had participated in the arbitral process and was not entitled to a stay (*see, Matter of Carbone/ Orrino Agency [Carbone]*, 210 AD2d 221, 222). Lastly, in the absence of a designation in the agreement, Ulster County was the proper venue for the special proceeding to stay arbitration as that was the county where respondent was doing business (CPLR 7502 [a]).

CARDONA, P. J., MIKOLL and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, with costs.