■ In the Matter of the Arbitration between RICHARD L. THOMPSON, Respondent, and S.L.T. READY-MIX, DIVISION OF TORRINGTON INDUSTRIES, INC., Appellant. [666 NYS2d 798] —Spain, J. Appeals (1) from an order of the Supreme Court

(Rogers, J.), entered November 27, 1996 in St. Lawrence County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award, and (2) from the judgment entered thereon.

Facts relevant to this proceeding may be found in our earlier decision in this matter (216 AD2d 656). There, we concluded that Supreme Court properly confirmed the arbitrator's award in the earlier proceeding in petitioner's favor; more specifically, the arbitrator sustained petitioner's grievance and directed respondent to rehire petitioner and compensate him for damages he suffered. We did, however, remit the matter for the sole purpose of allowing a rehearing before the arbitrator on the issue of damages.

Following remittal and after a hearing date was set, respondent requested that, prior to the hearing, petitioner provide 16 items of information including, *inter alia*, (1) names and address of all petitioner's official and "under the table" employers for the period in question, (2) a statement of earnings for the same period, (3) petitioner's 1992 tax returns, (4) a statement of unemployment benefits received, (5) disability and workers' compensation payments, and (6) his wife's information regarding (1) to (5). In response, petitioner requested that the arbitrator proceed as scheduled and that the parties provide available discovery items at the hearing. Two days before the scheduled hearing respondent asked Supreme Court to intervene.

Supreme Court, after staying the hearing at respondent's request, denied respondent's request that the discovery material be provided prior to the hearing. The hearing was rescheduled. Within two days of the rescheduled hearing respondent issued a subpoena demanding that the 16 items be produced by petitioner at the hearing. Petitioner did not produce most of the items requested and the arbitrator never ordered petitioner to produce these items. Respondent participated in the hearing under protest. During the hearing the arbitrator questioned petitioner regarding the relevant items listed in the subpoena. Following the hearing the arbitrator determined the total award due petitioner was $9,443 plus 9% interest from August 10, 1992. Petitioner thereafter commenced this proceeding pursuant to CPLR 7510 requesting an order confirming the arbitrator's award. Supreme Court granted the petition. Respondent appeals.

We affirm. An arbitration award will not be vacated "unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv.*

*Empls. Assn., Town of Callicoon Unit],* 70 NY2d 907, 909; *see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308); and every reasonable intendment is indulged in favor of an award (*see, Matter of Mencher [Geller & Sons],* 276 App Div 556, 565). The burden of proving that an arbitrator's ruling "constituted misconduct rests with [the] respondent and must be met by clear and convincing proof" (*Matter of Wiener Furniture Co. [Kingston City Schools Consol.],* 90 AD2d 875).

Initially, we reject respondent's contention that the arbitrator committed misconduct by failing to require petitioner to produce the requested discovery materials (*see,* CPLR 7511 [b] [1] [i]). An arbitrator's refusal to receive evidence is not a sufficient basis to vacate an award; rather it must be shown that the excluded evidence was material and relevant to the issues present in the proceeding (*see, Matter of Solkav Solartechnik [Besicorp Group],* 227 AD2d 94, 99, *lv granted* 90 NY2d 810). In any event, a review of petitioner's testimony clearly shows that the arbitrator addressed the relevant issues listed in the subpoena during his questioning of petitioner who was then subjected to a thorough cross-examination by respondent's attorney with respect to those issues. Under these circumstances, the arbitrator's refusal to direct petitioner to comply with respondent's discovery demands was not beyond the bounds of rationality and clearly was not misconduct (*see, Korein v Rabin,* 29 AD2d 351, 356).

Next, we reject respondent's contention that the arbitrator improperly failed to apply substantive law regarding mitigation of damages. It is well settled that "absent a provision in the arbitration clause, arbitrators are not bound by principles of substantive law and rules of evidence" (*Matter of Board of Educ. [Moore],* 229 AD2d 888, 889; *Matter of Silverman [Benmor Coats], supra,* at 308). Arbitrators "may do justice as they see it, applying their own sense of law and equity to the facts as they find them to be" (*Matter of Board of Educ. [Moore], supra,* at 889). In our view, respondent has failed to establish any grounds for vacating the award which is rational and fully supported by the record.

Finally, we are reluctant to grant petitioner's request for the imposition of sanctions. Upon our review of the record we do not find that respondent's actions were "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). Although respondent challenged petitioner, the arbitrator and the process at every turn, the egregious and contemptuous conduct cited by this Court in *Matter of Troy Police Benevolent*

*& Protective Assn. (City of Troy)* (223 AD2d 995) is not so clearly evident in the record of this case.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.