OPINION OF THE COURT
 

 Ciparick, J.
 

 Where a party’s initial petition to stay arbitration was dismissed, can a later application to confirm an arbitration award be brought by way of motion under the same caption and index number as the initial proceeding, or must a new proceeding be brought? Because the dismissal of the initial proceeding is a final judgment, we conclude that a subsequent application to confirm an arbitration award requires a separate special proceeding.
 

 In 1981, petitioner Solkav Solartechnik, G.m.b.H. (Solkav), and the predecessor in interest of respondent Besicorp Group Inc. (Besicorp), entered into an agreement for the licensing and distribution by Solkav of SolaRoll, a Besicorp solar heating product. Its broad arbitration clause provided that “[a]ny controversy or claim arising out of or relating to” the agreement would be settled by arbitration before the American Arbitration Association (AAA), using that organization’s Licensing Agreement Arbitration Rules (Licensing Rules).
 

 In July 1991, Besicorp initiated an arbitration proceeding before the AAA based on Solkav’s failure to tender royalty payments allegedly due under the licensing agreement for use of
 
 *485
 
 SolaRoll. At the outset, the AAA indicated that it no longer used the Licensing Rules, and would apply its Commercial and Patent Arbitration Rules (Commercial Rules). Solkav tendered no objection. After the first hearing was scheduled, Solkav, an Austrian corporation, requested that the AAA appoint an arbitrator who was not a United States citizen and that Besicorp’s arbitration demand be vacated because of the arbitrator’s failure to apply the Licensing Rules. The arbitrator denied both requests.
 

 Solkav thereupon commenced a special proceeding to stay arbitration in Supreme Court, New York County. Upon Besicorp’s motion, venue was transferred to Supreme Court, Ulster County — Besicorp’s place of business. Supreme Court held that Solkav had “participated” in the arbitration, and dismissed Solkav’s petition for a stay pursuant to CPLR 7503 (b). No appeal was taken from the dismissal. Arbitration before the AAA followed, ending in 1995 with an award generally favoring Besicorp.
 

 In 1996, Besicorp returned to Supreme Court, Ulster County, and made the instant CPLR 7510 motion to confirm the arbitration award, using the earlier 1992 special proceeding Solkav cross-moved to dismiss for lack of jurisdiction or alternatively to vacate the award, because the 1992 special proceeding terminated upon dismissal of Solkav’s petition to stay arbitration. Thus, Solkav argued, Besicorp’s motion to confirm the award could be brought only as a new proceeding. Supreme Court rejected Solkav’s argument, and granted Besicorp’s motion.
 
 *
 

 The Appellate Division affirmed (227 AD2d 94). The Court reasoned that, although the decisions in
 
 Matter of D. M. C. Constr. Corp. v Nash Steel Corp.
 
 (70 AD2d 635,
 
 appeal dismissed
 
 49 NY2d 1040) and
 
 Matter of Probst (Midwest Mut. Ins. Co.)
 
 (39 AD2d 914,
 
 affd without opn
 
 32 NY2d 634) “stand for the proposition that prior special proceedings to compel arbitration are no longer pending after a judgment is entered directing arbitration and the arbitration has been held,” the clear purpose of the last sentence of CPLR 7502 (a) is “to assure that all matters relating to an arbitration are adjudicated
 
 *486
 
 before the same court”
 
 (supra,
 
 227 AD2d, at 97). Thus, Besicorp’s application to confirm the arbitration award was held as correctly brought as a motion in the 1992 special proceeding. We disagree and now reverse.
 

 CPLR 7502 (a) provides that:
 

 “A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action. * * *
 
 All subsequent applications shall be made by motion in the pending action or the special proceeding”
 
 (emphasis added).
 

 Resolution of the question before us today turns on construction of the last sentence of CPLR 7502 (a). Respondent maintains that the language is unambiguous, and manifests an intent on the part of the Legislature that parties should bring all applications related to an arbitral controversy before the same court, captioned as one integrated proceeding. We recognize that some courts and commentators have reached this conclusion
 
 (see, e.g., Matter of Local 435 of Retail Store Empls. Union [Heinrich Motors],
 
 521 F Supp 418, 420-421 [WD NY]; Siegel, NY Prac § 601, at 969-970 [2d ed]; Alexander, 1997 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7502:l, 1998 Pocket Part, at 104).
 

 Relying on
 
 Matter of Probst (Midwest Mut. Ins. Co.) (supra)
 
 and
 
 Matter of D. M. C. Constr. Corp. v Nash Steel Corp. (supra),
 
 appellant argues that “prior special proceedings to compel or stay arbitration are no longer pending after a judgment is entered directing arbitration and the arbitration has been held pursuant thereto”
 
 (Matter of D. M. C. Constr. Corp. v Nash Steel Corp., supra,
 
 70 AD2d, at 636). Appellant asserts that subsequent applications must be brought in a new special proceeding. Implicit in this position is the premise that the adjective “pending” in the last sentence of CPLR 7502 (a) should be construed as modifying both “action” and “special proceeding”
 
 (see, id.).
 

 We conclude that when a stay application ends in a final judgment, a new proceeding must be brought to confirm an arbitration award.
 

 Typically, an arbitration-related controversy begins with an application to determine arbitrability, which when not brought on by motion in a pending action must be brought as a special proceeding
 
 (see,
 
 CPLR 7502 [a]; 7503 [a]). A special proceeding is terminated by an order directing judgment and determining
 
 *487
 
 the rights of the parties
 
 (see,
 
 CPLR 411). The special proceeding thus ends once the arbitration has been stayed or compelled
 
 (see, Matter of Wilaka Constr. Co. [New York City Hous. Auth.],
 
 17 NY2d 195, 204). It follows, therefore, that a postarbitration application to confirm or vacate an award must be framed within a new special proceeding because the prearbitration proceeding has ended
 
 (see, Matter of Village of Greenwood Lake v Mountain Lake Estates,
 
 189 AD2d 987). Thus, we agree with appellant and read the word “pending” in the last sentence of CPLR 7502 (a) to apply both to actions and to special proceedings.
 

 We of course recognize that, should the Legislature prefer that arbitration-related special proceedings be treated comprehensively as a single inseparable controversy, with all applications being brought before one court under one caption and index number, it may amend CPLR 7502 (a) to reflect that choice
 
 (see,
 
 Alexander, 1997 Supp Practice Commentaries,
 
 op. cit.;
 
 Report,
 
 Streamlining Post-Arbitration Proceedings,
 
 3 [No. 1] NY Litigator 56 [1997] [recommending that CPLR 7502 (a) be amended to codify holding of Appellate Division below in case at bar]).
 

 Applying our statutory construction to the facts before us, we conclude that Besicorp’s motion should have been dismissed. Solkav’s initial special proceeding terminated once Supreme Court directed arbitration in 1994 and Solkav failed to appeal. Following the arbitration, Besicorp should have commenced a new special proceeding to confirm the award with a new index number, rather than seek to confirm the award within the concluded proceeding to stay arbitration. Its failure to do so is a fatal misstep. We need not reach any of the other issues raised by the parties.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the proceeding dismissed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 Order reversed, with costs.
 

 *
 

 Solkav also commenced a separate proceeding in the United States District Court for the Southern District of New York, seeking to vacate the arbitration award, or, in the alternative, to stay the proceeding before Supreme Court. The District Court dismissed Solkav’s petition
 
 (Solkav Solartechnik, G.m.b.H. v Besicorp Group,
 
 1996 US Dist LEXIS 7243, 1996 WL 282066 [SD NY]).