■ In the Matter of DERFNER & MAHLER, L. L. P., Respondent, v DANIEL RHOADES et al., Appellants. [683 NYS2d 509] —Judgment, Supreme Court, New York County (Bernard Fried, J.), entered April 6, 1998, awarding petitioner damages, and bringing up for review a prior order, same court and Justice, entered April 3, 1998, which granted petitioner law firm's motion to confirm an arbitration award of attorney's fees, and denied respondents clients' cross motion to vacate the award, and bringing up for review prior orders, same court (David Saxe, J.), entered October 24, 1997, which denied respondents' motion for a default judgment on their counterclaims for legal malpractice, and December 11, 1997, which granted petitioner's application for an order of attachment in aid of arbitration and denied respondents' cross motion for a stay of arbitration, unanimously affirmed, with costs. Appeals from the orders unanimously dismissed, without costs, as superseded by the appeal from the judgment.

Petitioner's motion to confirm the arbitration award was properly made under the same caption and index number as the attachment proceeding. *Matter of Solkav Solartechnik (Besicorp Group)* (91 NY2d 482), in which the first application arising out of an arbitrable controversy was for a stay of arbitration, is distinguishable. Unlike a stay application, which, if denied, as in *Solkav*, ends in a final judgment determining the rights of the parties, an application for an order of attachment, if granted, as here, ends in a provisional remedy that does not determine the rights of the parties. Thus, the special proceeding instituted by petitioner for an order of attachment was still pending within the meaning of CPLR 7502 (a) when petitioner made its motion to confirm the award. Respondents' cross motion for a default judgment on their counterclaims for legal malpractice was properly denied where petitioner gave timely notice of its defense that the counterclaims were arbitrable in its opposition to the cross motion and its formal reply to the counterclaims was only briefly delayed. Public policy considerations do not require that claims of lawyer malpractice be adjudicated solely by the courts, where, as here, there is no showing that the retainer agreement on its face violates any rules of ethics (*cf., Matter of Silverberg [Schwartz]*, 75 AD2d 817, *appeal dismissed* 53 NY2d 704). Concur—Ellerin, J. P., Nardelli, Tom and Andrias, JJ.