■ In the Matter of the Arbitration between JOSEPH M. GLEASON et al., Respondents, and MICHAEL VEE, LTD., et al., Appellants. [707 NYS2d 243] —Mugglin, J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 17, 1998 in Saratoga County, which, *inter alia*, granted petitioners' application pursuant to CPLR 7510.to confirm an arbitration award.

In February 1994, petitioners purchased a restaurant from respondents. The contract contained a restrictive covenant which, *inter alia*, for a period of five years forbade respondents from involvement in a competing restaurant within a radius of five miles of the restaurant sold to petitioners. The contract also provided that all disputes arising thereunder were to be submitted to arbitration.

When, in March 1995, respondents advised petitioners that they would be employed in a restaurant within the five-mile radius, petitioners, on August 1, 1995, instituted a special proceeding pursuant to CPLR 7502 seeking a preliminary injunction and, on August 18, 1995, petitioners filed a demand for arbitration. Supreme Court denied the injunctive relief on August 23, 1995. On December 16, 1996, the arbitrator awarded petitioners $40,000 for respondents' breach of the covenant not to compete and subsequently modified the award to grant petitioners $10,416.25 in counsel fees.

In April 1998, using the same index number as was used in the special proceeding seeking the preliminary injunction, petitioners applied to confirm the award. Respondents cross-applied to vacate the award and, by subsequent letter (following publication of *Matter of Solkav Solartechnik, G.m.b.H. [Besicorp Group]*, 91 NY2d 482), requested that petitioners' application be dismissed for lack of subject matter jurisdiction arising from petitioners' failure to institute a separate special proceeding by obtaining a new index number and paying the required fee. In December 1998, Supreme Court confirmed the arbitrator's award and rejected respondents' claim of lack of subject matter jurisdiction since respondents failed to interpose this objection by way of motion or answer. Respondents now appeal contending that Supreme Court lacked subject matter jurisdiction or, in the alternative, that the arbitrator's award was irrational and in excess of his authority.

We reverse. It is now well settled that under the commencement by filing system, " 'service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced' " (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 719, quot-

ing *Matter of Gershel v Porr*, 89 NY2d 327, 330; *see, Matter of Vetrone v Mackin*, 216 AD2d 839, 841). Strict compliance with the statute is required (*see,* CPLR 304; *Matter of Fry v Village of Tarrytown, supra,* at 723; *Matter of Gershel v Porr, supra*).

Clearly, denial of petitioners' application for a preliminary injunction constituted a final judgment. The subsequent application to confirm the arbitration award required the institution of a new special proceeding and the purchase of a new index number (*see, Matter of Solkav Solartechnik, G.m.b.H. [Besicorp Group], supra*). This is not simply a matter of an improper filing, an error which may be waived if the opposing party fails to raise a timely objection (*see, Matter of Fry v Village of Tarrytown, supra*), but rather a failure to actually initiate the proceeding or action by filing the petition and notice of petition (or order to show cause) and securing the necessary index number by payment of the fee (*see,* CPLR 304, 306-a, 8018 [a]). Under these circumstances, the subject matter jurisdiction which Supreme Court has (*see,* CPLR 7502) is not invoked and results in a nonwaivable defect.[*]

We conclude that the crucial factor in determining whether a commencement defect is waivable is the payment of the filing fee since the Court of Appeals stated in *Perez v Paramount Communications* (92 NY2d 749) that "a defective filing may be waivable as long as the filing fee is paid" (*id.,* at 754). Absent payment of the appropriate fee, therefore, no action is pending (in which an opposing party could interpose a valid objection to jurisdiction), the subject matter jurisdiction of the court has not been invoked and any action taken therein is a nullity (*see, Matter of Solkav Solartechnik, G.m.b.H. [Besicorp Group],* 91 NY2d 482, *supra; Mandel v Waltco Truck Equip. Co.*, 243 AD2d 542, *lv denied* 91 NY2d 809). Accordingly, Supreme Court should have dismissed the application for petitioners' failure to purchase a new index number and commence a separate special proceeding.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

---

[*] We recognize that this holding conflicts with the Fourth Department (*see, Matter of AHEPA 91 v Town of Lancaster*, 258 AD2d 968; *Venditti v Town of Alden*, 239 AD2d 910), but not with the First Department (*see, Matter of Derfner & Mahler v Rhoades*, 257 AD2d 431), or the Second Department (*see, Mandel v Waltco Truck Equip. Co.*, 243 AD2d 542, *lv denied* 91 NY2d 809).