■ In the Matter of MURRAY SEEMAN et al., Respondents, v ANTHONY PAOLERCIO et al., Appellants. [729 NYS2d 759] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Anthony Paolercio and Michael Paolercio individually and d/b/a Michael Anthony Company appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), dated January 10, 2000, which granted the petition, confirmed an arbitration award in favor of DJA Associates, Inc., in the principal sum of $62,940.74, and denied their motion to dismiss the petition.

Ordered that the order and judgment is modified by reducing the principal sum awarded to DJA Associates, Inc., from $62,940.74 to $58,003.24; as so modified, the order and judgment is affirmed, without costs or disbursements.

DJA Associates, Inc. (hereinafter DJA), initially moved to confirm an arbitration award in April 1997 under the index number for a prior proceeding to stay the arbitration commenced by Anthony Paolercio, Michael Paolercio, and their business, Michael Anthony Company (hereinafter collectively referred to as Paolercio). A judgment in favor of DJA confirming the arbitration award was later vacated by order of the Supreme Court, Nassau County, entered April 2, 1999, on the ground that the application to confirm the award should have been brought in a separate proceeding under a new index number (see, Matter of Solkav Solartechnik, G.m.b.H. [Besicorp Group], 91 NY2d 482). The appeal by DJA from that order was dismissed without a determination of the merits (see, Matter of Paolercio v D J A Assocs., 273 AD2d 392).

In response to the vacatur of the judgment by the order entered April 2, 1999, DJA and its assignees commenced the instant proceeding to confirm the arbitration award in May 1999, under a new index number. Paolercio moved to dismiss the petition as time-barred, since it was brought more than one year from the date that the arbitration award was delivered to DJA (see, CPLR 7510). The Supreme Court denied the motion and confirmed the award.

DJA's contention that the arbitration award was not delivered as required by CPLR 7507, and that therefore the Statute of Limitations never commenced to run, is without merit. The arbitration award was mailed to the attorney who represented DJA in the arbitration proceeding (see, Matter of Case v Monroe Community Coll., 89 NY2d 438). Since the

arbitration award was delivered by letter dated February 20, 1997, the proceeding commenced in May 1999 was time-barred unless an extension or toll of the Statute of Limitations applies.

In order for the six-month extension provided by CPLR 205 (a) to apply, DJA's first proceeding to confirm the award must have been "timely commenced." Although DJA initially moved to confirm the award within the statutory one-year period, the proceeding was dismissed as a nullity based on the decision in *Matter of Solkav Solartechnik, G.m.b.H. (Besicorp Group) (supra)*. However, that decision was subsequently overruled by CPLR 7502 (a) (iii), effective August 16, 2000 (L 2000, ch 226, § 1). The amendment clarified "what the law was always meant to do and say," that is, that all applications to a court pertaining to an arbitration shall be made within the same action or proceeding (*Matter of Gleason [Michael Vee, Ltd.]*, 96 NY2d 117, 122). In view of the determination by the Court of Appeals that CPLR 7502 (a) (iii) should be applied retroactively to effectuate its remedial purpose (*see, Matter of Gleason [Michael Vee, Ltd.], supra*), we deem DJA's first proceeding to confirm the arbitration award to have been "timely commenced" for the purposes of CPLR 205 (a). As DJA's first proceeding was not dismissed on any of the grounds which would preclude the application of CPLR 205 (a), the proceeding commenced in May 1999 was not time-barred.

The order and judgment is modified, however, by reducing the principal sum awarded to DJA to the extent indicated. The Supreme Court failed to deduct from the award to DJA $4,937.50 in administrative costs that it was required to pay to Paolercio.

Paolercio's remaining arguments are without merit. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.