■ In the Matter of ROBERT ESCALERA et al., Respondents, v COUNTY OF WESTCHESTER, Appellant. [751 NYS2d 37] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the County of Westchester appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 4, 2001, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner Robert Escalera was employed by the County of Westchester as a correction officer, and was a member of the Westchester County Correction Officers' Benevolent Association (hereinafter COBA). The County preferred a series of charges against Escalera for requiring that a female inmate show him a sexual part of her body in order for her to receive medical treatment. The County and COBA were parties to a collective bargaining agreement which provided, inter alia, that if a disciplinary grievance against a correction officer was not settled or otherwise resolved within seven days of the service of a notice of discipline, the grievance was to be referred to disciplinary arbitration.

Escalera served a "notice of Grievance and Notice of Referral to Disciplinary Arbitration" (hereinafter notice of grievance) upon the County. The notice of grievance provided that the matter would be referred to disciplinary arbitration in accordance with the collective bargaining agreement if the subject

grievance was not settled within the prescribed time period. Following a hearing in which Escalera and the County fully participated, the arbitrator issued an opinion which found that Escalera was not guilty of the disciplinary charges, and directed that he be returned to duty effective immediately and be made whole for all losses. The County did not seek to stay the arbitration.

Thereafter, Escalera commenced this proceeding against the County and COBA to confirm the arbitration award. The parties subsequently stipulated that COBA was deemed to be a copetitioner in this proceeding. The County filed a verified answer, alleging that Escalera lacked standing to bring a proceeding to confirm the award since he was not a party to the collective bargaining agreement between the County and COBA. The Supreme Court, upon determining that Escalera had standing to seek confirmation of the award since he commenced and participated in the arbitration, and was bound by its result, confirmed the arbitration award. The Supreme Court also concluded that the issue of Escalera's standing was rendered academic by the stipulation of the parties naming COBA, which had standing to seek confirmation as a copetitioner.

The County contends that Escalera did not have standing to seek confirmation of the award since he was not a party to the collective bargaining agreement between it and COBA. We disagree. Escalera commenced and participated in the arbitration proceeding, and was bound by its result (see Matter of Fishman, 126 AD2d 546). Further, the County did not seek to stay the arbitration. Accordingly, the Supreme Court properly determined that Escalera had standing to seek confirmation of the award. Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.