EDNA R. DENBERG, Respondent, *v.* JEROME A. DENBERG, Appellant.

First Department, November 5, 1964.

*Garry G. Blaustein* for appellant.

*Louis A. Breslerman* for respondent.

*Per Curiam.* The matrimonial difficulties of the parties, particularly in regard to the custody and support of the two children of the marriage, have resulted in a long and tortuous history of litigation. While it might be possible to analyze the legal effect of the several determinations by various courts on the specific questions put to them by the applications of the parties, we feel that this would accomplish no useful purpose and would, in fact, obscure the one important issue, which is the welfare of the children. Despite the many prior applications, we do not find that this issue has been adequately presented. This is due, in the main, to the reluctance of the parties themselves to face that issue for reasons that are not commendable but understandable.

The particular order on appeal is on a motion for judgment for arrears in support. There is this insurmountable technical difficulty: there is no action pending in which a motion can be made. The parties entered into a separation agreement. The wife sued on the agreement and the husband counterclaimed. In the course of the action it was settled by a stipulation which amended the agreement and discontinued the action with prejudice. An order of discontinuance was entered. Any relief thereafter must be by suit and not by motion in a nonexistent action (*American Progressive Health Ins. Co.* v. *Chartier,* 6 A D 2d 579). The claim that the motion is maintainable under section 244 of the Domestic Relations Law is not valid. The pertinent part of the section reads: " Where the husband in an action for divorce, separation or annulment * * * makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court in its discretion may make an order directing the entry of judgment for the amount of such arrears ". There is no order or judgment directing payment.

But even if there were such an order, we do not believe that this was a provident exercise of discretion. While the wife has custody of the children — and this has been confirmed by order in one of the prior proceedings and in the separation agreement — she is required to keep the children in this State. This she has not done and apparently has no intention of doing. She is currently married to a resident of New Jersey and there are cogent reasons to believe that she will continue to reside there. Apparently of their own will, the children have left that ménage and are actually with the father, who is supporting them. While

this is contrary to every outstanding order and agreement, it is worthy of note that, instead of seeking their return, the mother seeks the money that would constitute the support provided in the separation agreement. Obviously this money will not be devoted to the support of the children because for the period in question she was not supporting them.

Obvious is it also that the proper custody of the children presents great difficulty, as it does in many cases where custody with either parent leaves much to be desired. To rely on prior adjudications in the situation presented here is not an answer to the problem. The inevitable increase in the age and maturity of the children, and the now evident intent of the mother not to abide by the conditions of the custody awarded her, make re-examination advisable.

The order should be reversed, on the law and on the facts, and application denied, without costs and without prejudice to a plenary suit on the agreement as amended by the stipulation, or such other proceedings for custody as the parties may be advised.

VALENTE, J. (concurring). I concur in the result which relegates plaintiff to a plenary suit. However, I disagree with the majority of the court in the obiter dictum that Special Term improvidently exercised its discretion in granting a judgment for arrears in support payments for the children, if the application be deemed to have been properly made pursuant to section 244 of the Domestic Relations Law. Since the entry of such a judgment would, under section 244, be discretionary, I would not relieve the husband from the obligation to pay, even though the children are with their father, because the record demonstrates that such physical custody violated the mother's legal right to custody and was in open defiance of several orders of the Supreme Court. Courts should not, indirectly or impliedly, sanction disobedience to their orders. The effect of denying the wife a judgment for arrears would be to reward the husband for his contumacious conduct. A proper exercise of discretion under section 244 of the Domestic Relations Law requires that considerable weight be given to the inequitable conduct of defendant. Consequently, had this court reached the merits of the application, I would have affirmed Special Term in its conclusion that the husband's wrongful custody of the children in violation of orders of the Supreme Court warranted an exercise of discretion in favor of the wife.

STALEY, JR., J. (dissenting). I dissent on the grounds that the order appealed from properly directed payments for the support of the infant children of the marriage, that the motion

was properly maintainable under section 244 of the Domestic Relations Law and that the order appealed from having been made at the discretion of the court below, such discretionary determination should not be disturbed.

RABIN, J. P., STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; VALENTE, J., concurs in result in opinion; STALEY, J., dissents in opinion.

Order entered on April 21, 1964, reversed, on the law and on the facts, and application denied, without costs and without prejudice to a plenary suit on the agreement as amended by the stipulation, or such other proceedings for custody as the parties may be advised.