■ JANET E. WEINER, Respondent, v JON C. LOCHNER, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: By stipulation incorporated but not merged into a decree of mutual divorce granted to the parties, the net proceeds derived from the sale of the marital residence after payment of brokerage commission and attorney fees were required to be divided equally between the parties. The amount due on described mortgages, which were liens on the premises, as well as the balance of a home improvement loan were also to be deducted before the division of the proceeds. In this proceeding petitioner seeks to recover, *inter alia,* the sum of approximately $700 which she claims represents the amount due to her from the net proceeds of the sale of the marital residence. Respondent appeals from the order directing, *inter alia,* payment of the sum of $771.32 as petitioner's share of such proceeds. The order appealed from must be modified because the record is devoid of any proof to establish the amount of the net proceeds resulting from the sale of the residence after making the stipulated deductions nor does the proof show how the sum of $771.32 was derived. The moving papers before the court contain no information to make this determination and no hearing was held to establish the amount of the net proceeds. Respondent's cross motion to reform the stipulation was properly denied, how-

ever. Once judgment has been entered, the litigation is terminated and a stipulation of settlement made on the record can be reformed only by a plenary action *(Teitelbaum Holdings v Gold,* 48 NY2d 51; *Yonkers Fur Dressing Co. v National Liberty Ins. Co.,* 247 NY 435). Accordingly, the portion of the second decretal paragraph dealing with the amount of the net proceeds of the sale of the residence is deleted and the matter remitted for proof of the amount of net proceeds realized from its sale, one half of which should be ordered paid to petitioner. (Appeal from order of Onondaga Supreme Court — support, etc.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.