■ LAWRENCE HOBERMAN et al., Appellants, v ANITA L. HOLMES, Respondent. — In an action to declare that the withholding of approval by defendant of the transfer of title of certain property is unreasonable and that a conveyance of said property, subject to the mortgage held by defendant, will not cause an acceleration of the mortgage, plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered February 24, 1982, which denied their motion for summary judgment and granted defendant's cross motion for summary judgment. Order modified by deleting the provision granting defendant's cross motion and substituting a provision denying the cross motion. As so modified, order affirmed, without costs or disbursements. The affidavits and exhibits submitted at Special Term raise questions of fact concerning the purpose of paragraph 17 of the mortgage in question and whether defendant unreasonably withheld her approval of the transfer. Therefore, it was improper to grant defendant's cross motion for summary judgment. Lazer, J. P., Mangano, Gibbons and Brown, JJ., concur.

■ YOON PIL KIM et al., Appellants, v RAY L. SHULL, Respondent. — In a negligence action to recover damages for personal injuries, etc., which was settled prior to trial, plaintiffs appeal from an order of the Supreme Court, Richmond County (Sacks, J.), dated November 30, 1981, which denied their motion (1) to increase defendant's insurance coverage pursuant to section 676 of the Insurance Law, and (2) to restore the case to the Trial Calendar. Order affirmed, with $50 costs and disbursements. The written settlement was definite and complete on its face and, as such, it constituted a valid and binding contract. Accordingly, the settlement could only be set aside by way of a plenary suit (see *Raphael v Booth Mem. Hosp.*, 67 AD2d 702; *Kraft v Vassilaros & Sons*, 43 AD2d 972; *Schweber v Berger*, 27 AD2d 840). If plaintiffs wish to attack the validity of the settlement on the basis of mutual mistake, then a plenary suit must be brought in equity so as to try the issue of the circumstances under which the settlement was made. Titone, J. P., Weinstein, Gulotta and Niehoff, JJ., concur.