■ ESTELLA R. ROUND, Respondent, v JAMES A. MONK, as Superintendent of Schools of the Brewster Central School District, et al., Appellants. — In a proceeding to nullify and declare void certain letters of resignation submitted by petitioner Estella R. Round to appellants and to enjoin appellants from terminating her employment as a professional tenured teacher, the appeal is from an order of the Supreme Court, Putnam County (Braatz, J.), dated January 5, 1983, which granted petitioner's motion to vacate a prior order of settlement of the same court entered June 9, 1982, and restored this proceeding to the Trial Calendar. ¶ Order reversed, on the law, without costs or disbursements, motion denied and order entered June 9, 1982 reinstated. ¶ The written settlement, on its face, is definite and complete, and, as such, constitutes a valid and binding contract. Once an order of settlement is entered, the litigation is terminated; a settlement made on the record can be set aside only by a plenary action (see *Teitelbaum Holdings v Gold*, 48 NY2d 51; *Weiner v Lochner*, 80 AD2d 727; see, also, *Yoon Pil Kim v Shull*, 90 AD2d 482). Accordingly, the granting of petitioner's motion to vacate the order of settlement and restore this proceeding to the Trial Calendar was improper. If petitioner wishes to attack the validity of the settlement (e.g., on the basis of failure of purpose or mutual mistake), then a plenary suit must be brought in equity so as to try the issue of the circumstances under which this settlement was made (see *Yoon Pil Kim v Shull, supra*). Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.