OPINION OF THE COURT
William R. Geiler, J.
This is a motion by defendant wife to enforce the support provisions of a pendente lite order of this court dated May 1, 1986 (Geiler, J.). Subsequent to the granting of this order, plaintiff discontinued his action by notice discontinuing action dated June 10, 1986. Plaintiff husband contends that there is an insurmountable technical difficulty in that there is no action pending in which a motion can be made. The court does not agree.
*71 Traditionally, the right to enforce payment of temporary alimony ends when the action in which it was awarded is terminated by settlement, abandonment, discontinuance or dismissal of the complaint (Polizotti v Polizotti, 305 NY 176 [1953]). This case, however, only concerned the right to enforce temporary maintenance awards through contempt proceedings pursuant to former Civil Practice Act § 1172 and did not overrule prior cases which allowed enforcement by entry of a money judgment even after the action was dismissed or judgment was entered awarding the matrimonial relief requested (see, Treherne-Thomas v Treherne-Thomas, 267 App Div 509 [1st Dept 1944]; Siddiqui v Siddiqui, 118 AD2d 846 [2d Dept 1986]). Carbulon v Carbulon (293 NY 375 [1944]) and cases following it are distinguishable as they involved actions which were abandoned and not actions which were dismissed.
Although generally discontinuance without leave of court is permitted within the time limits and in the manner specified in CPLR 3217 (a), there are instances where a paramount public interest dictates that this right be limited. Limitations upon discontinuance as of right appear in CPLR 3217 itself, in CPLR 908, as well as in other statutes and court rules, and in the case law. These limitations have been instituted for the protection of infants, incompetents, conservatees, interested nonparties and groups represented by parties, as well as the public-at-large, from collusive termination of actions, and from terminations in the interest of nominal or representative parties where the true parties’ best interests, or the interests of the public, would be better served by continuation of the action.
It had been held that a matrimonial action, once commenced, could not be withdrawn without consent of the court (Bishop v Bishop, 62 Misc 2d 436 [Sup Ct, Nassau County 1970]); however, the public interest aroused and invoked in such actions was "usually for the protection of the innocent and the legitimacy of children, the preservation of a marital status, and to prevent abuse of court process” (Corey v Corey, 62 NYS2d 796, 804 [Sup Ct, NY County 1946]). Absent such considerations, however, discontinuance by notice of stipulation should be available in such actions, and voluntary discontinuance has been allowed in order that a wife could commence a separate action so as to take advantage of the Equitable Distribution Law which became effective subsequent to the commencement of the initial action (Battaglia v Battaglia, 59 NY2d 778 [1983]; Broder v Broder, 59 NY2d 858 [1983]), *72 even though a defending party has incurred substantial legal fees (Zuckerman v Zuckerman, 105 AD2d 782 [2d Dept 1984]), and despite the fact that a wife would suffer financial loss since she had previously been awarded pendente lite maintenance and exclusive occupancy of the marital residence (Chandler v Chandler, 108 AD2d 1035 [3d Dept 1985]; see also, Kamhi v Kamhi, 42 AD2d 966 [2d Dept 1973], where a husband was permitted to discontinue his divorce action by notice served prior to a decision on a motion for pendente lite relief, as contrasted with Schneider v Schneider, 32 AD2d 630 [1st Dept 1969], where, on a motion for leave to discontinue, said motion was denied where the inference was warranted that the real reason behind the movant’s application to discontinue was his desire to avoid complying with the support order of the court).
While it appears that plaintiff has an absolute right to discontinue his action, he may not thereby avoid his court-ordered support obligations incurred during the pendency of said action. It appears that the order sought to be enforced directed that plaintiff pay, in addition to spousal maintenance, the carrying charges on the marital residence, child support, medical and dental expenses and prescription drugs during the pendency of the former action. The court, therefore, must note that recent amendments to the Domestic Relations Law and the Family Court Act (L 1986, ch 892) appear to give child support the characterization of vested as accrued status, and, accordingly, any doubt is to be resolved in favor of enforcement. Secondly, the pendency of a matrimonial action is not an absolute necessity to an application pursuant to Domestic Relations Law § 244 (Siddiqui v Siddiqui, supra), particularly where, as here, the motion for same was made with all due dispatch after receipt of the notice of discontinuance. Thirdly, the case cited by respondent’s attorney (Denberg v Denberg, 22 AD2d 65 [1st Dept 1964]) is not persuasive, for in Denberg the matter was ordered discontinued after the parties had stipulated to settlement. Lastly, defendant has now commenced her own divorce action.
Accordingly, this motion is granted to the extent that defendant is awarded and the Clerk of the County of Suffolk is directed to enter and docket a money judgment in favor of defendant and against plaintiff in the sum of $8,610 with interest from June 10, 1986.