■ SUSAN KOLIN, Respondent, v HARVEY KOLIN, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Geiler, J.), entered October 8, 1986, which, *inter alia,* granted the plaintiff wife's motion for pendente lite relief to the extent of (1) directing him to make certain payments, including the carrying charges on the marital residence, medical and dental expenses, religious school and dues expenses, and the nursery school expenses for the parties' youngest child, and (2) awarding the plaintiff wife $400 per week maintenance pendente lite, $300 per week child support pendente lite for each of the parties' three children, and $7,500 in interim counsel fees.

Ordered that the order is modified, on the law and the facts, by reducing the award of child support pendente lite from $300 per week per child to $170 per week per child; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In January 1986, the defendant husband had commenced an action for divorce. Upon the plaintiff wife's application, in April 1986 the Supreme Court, Suffolk County (Geiler, J.),

awarded her maintenance pendente lite of $500 per week and child support pendente lite of $170 per week for each of the parties' three children. In addition, the defendant husband was directed to pay, *inter alia,* all of the carrying charges on the marital residence, including monthly mortgage payments, real estate taxes, water, utilities and fuel, but excluding telephone service, cable television and garden care; he was further directed, in relevant part, to continue to maintain existing life, health, medical and dental insurance for the benefit of the wife and children and to pay for their reasonable medical and dental expenses.

After the defendant husband voluntarily discontinued his action, the plaintiff wife, in June 1986 commenced the instant action for divorce and again applied for, *inter alia,* maintenance and child support pendente lite. In addition, she sought interim counsel fees. While the court, in the order appealed from, reduced the wife's maintenance pendente lite to $400 per week, it increased the award of child support pendente lite to $300 per week for each child, and in addition to the payments which the husband was previously directed to make concerning the marital residence, insurance and medical and dental expenses, the court also required the husband to pay for basic telephone service, basic gardening, religious school and dues, and nursery school for the youngest child.

A review of the record fails to indicate a basis for awarding the wife $300 per week per child, especially in view of the fact that $170 was previously deemed appropriate. We have therefore modified the order accordingly. The reduction of maintenance pendente lite was apparently warranted in light of the additional moneys the defendant husband was ordered to pay with respect to, among other things, the children's schooling. There is no reason to further reduce the pendente lite maintenance awarded to the plaintiff wife. We note, however, that our determination as to the temporary maintenance and child support "is not intended to influence the final determination of permanent maintenance [and child support], if any, to be awarded after trial" *(see, Colin v Colin,* 113 AD2d 817, 818). Under the circumstances, the parties should move expeditiously to complete all pretrial proceedings and seek a speedy trial.

Finally, we find no merit to the defendant husband's contention that the plaintiff wife should exhaust her limited resources in order to qualify for an interim counsel fee award. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur. *[See,* 134 Misc 2d 70.]