■ In the Matter of VILLAGE OF GREENWOOD LAKE et al., Respondents, v MOUNTAIN LAKE ESTATES, INC. et al., Appellants.—Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered July 3, 1990 in Orange County, which denied respondents' motion to require petitioners to accept the filing of certain plans pursuant to a stipulation of settlement between the parties.

The parties entered a judgment in accordance with the terms of their stipulation of settlement and thereby "unequivocally terminated their lawsuit" *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *see, Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435, 445-446). A motion must be addressed to a pending matter. Because the proceeding in this case was terminated by the parties' stipulation, respondents' sole remedy was to bring a plenary action to set aside the stipulation of settlement *(see, Urso v Panish,* 94 AD2d 701; *Yoon Pil Kim v Shull,* 90 AD2d 482). Supreme Court therefore correctly determined that respondents' motion in this proceeding was improper. Respondents argue that a plenary action is required only where a party is seeking to set aside a stipulation and that what they are seeking is a determination that they have

in fact complied with the terms of the stipulation. This, however, is in effect a claim to enforce what amounts to respondents' interpretation of the stipulation's requirements, and a plenary action is required to enforce a stipulation's terms as well as to set it aside *(see, HCE Assocs. v 3000 Watermill Lane Realty Corp.,* 131 AD2d 543, 545; *Urso v Panish, supra,* at 702).

Even if we were to address the merits of respondents' argument, we note that a stipulation of settlement constitutes a contract *(Kraft v Vassilaros & Sons,* 43 AD2d 972) and the interpretation of an unambiguous contract provision is for the court *(see, Teitelbaum Holdings v Gold, supra,* at 56). The language of the stipulation in this case is clear. Respondents had until May 1, 1990 to file the documents at issue with the Building Inspector of the Village of Greenwood Lake, which they concededly failed to do. Instead, the documents were filed with the Orange County Board of Health. As Supreme Court noted, nowhere in the stipulation was there any requirement that the documents be filed with anyone other than the Building Inspector. In addition, respondent Patricia Campbell stated at the conclusion of the stipulation that she understood and agreed to its terms. There is simply no basis for viewing the language of the stipulation as ambiguous *(see, supra).*

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.