■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v GREEN ISLAND POWER AUTHORITY et al., Respondents. [688 NYS2d 763] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Graffeo, J.), entered January 15, 1998 in Albany County, which denied petitioner's application for contempt and injunctive relief.

In 1988, petitioner and respondents executed a settlement agreement which voluntarily discontinued a CPLR article 78 proceeding previously commenced by petitioner. The agreement defined the parties' rights and privileges with regard to the providing of power to commercial and residential custom-

ers in the Village of Green Island, Albany County. Five months later, the parties' counsel entered into a stipulation relieving petitioner of the obligation, prescribed by the agreement, of obtaining Public Service Commission approval of the settlement. Unlike the settlement agreement, the stipulation contained the phrase "so ordered" and was signed by a Supreme Court Justice (Kahn, J.). In 1997, alleging various violations of the "settlement agreement and court order", petitioner moved by order to show cause to hold respondents in contempt pursuant to CPLR 5104 and for injunctive relief. Supreme Court denied the motion and this appeal followed.

The agreement declares that it "reflects compromises in positions made in order to reach a settlement of this [CPLR article 78] proceeding and other pending disputes" and unquestionably contemplates petitioner's voluntary discontinuance of this proceeding. As a consequence, petitioner's only remedy is to commence a plenary action against respondents to set aside the settlement agreement (*see, Teitelbaum Holdings v Gold*, 48 NY2d 51, 55; *Matter of Village of Greenwood Lake v Mountain Lake Estates*, 189 AD2d 987, *lv dismissed* 81 NY2d 1006). That course not having been followed, Supreme Court quite rightly dismissed the petition.

Although the foregoing conclusion renders it unnecessary to address petitioner's remaining argument—that Supreme Court erroneously determined that the settlement agreement was not an order of the court and, therefore, petitioner would not be entitled to relief pursuant to CPLR 5104—were we to do so, we would find it lacking in force. The settlement agreement was not an order but rather a contract, as it was signed not by a Judge (*see,* CPLR 2219) but only the parties (*see, Matter of Village of Greenwood Lake v Mountain Lake Estates, supra,* at 988); as such, it is enforceable by those remedies available in a suit for breach of contract. As for petitioner's suggestion that the subsequent stipulation (which was indeed signed by the court, contained the phrase "so ordered" and was entered in the Clerk's office) incorporated the settlement agreement therein, it suffices to note that the stipulation is devoid of any language evidencing such an intent.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered the order is affirmed, with costs.