■ In the Matter of P&N TIFFANY PROPERTIES, INC., Appellant, v BILL WILLIAMS et al., Respondents. [755 NYS2d 410] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to issue a certificate of occupancy, the petitioner appeals, by permission, (1) from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered July 16, 2001, as granted its motion to compel the respondents to issue a certificate of occupancy only to the extent of directing the Building Inspector of the Village of Tuckahoe to arrange for the inspection of the subject premises and issuance of a certificate of occupancy within five days, (2) from an order of the same court, entered November 30, 2001, which denied its motion for leave to renew and awarded the respondents the sum of $250 for costs and disbursements, and (3), as limited by its brief, from so much of an order of the same court, entered January 30, 2002, as granted the respondents' cross motion to hold it in contempt, and fined it the sum of $5,000 and directed it to make the premises available for an inspection on a date certain or pay the sum of $250 per day until the inspection occurred.

Ordered that the order entered July 16, 2001, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered November 30, 2001, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered January 30, 2002, is reversed insofar as appealed from, on the law, without costs or disbursements, and the cross motion is denied.

The petitioner's contention that the respondents waived the inspection requirement preceding the issuance of a certificate of occupancy because the respondents failed to act within 30 days of the application, pursuant to section 6-56 (b) of the Village Code of Tuckahoe, is without merit. The court-ordered remedy was appropriate in light of the petitioner's demand in its petition. Accordingly, the order entered July 16, 2001, to the extent it was appealed from, and the order entered November 30, 2001, were proper.

The Supreme Court erred, however, in its January 30, 2002, order holding the petitioner in contempt. Pursuant to Judiciary Law § 756, a contempt application must be in writing, must be made upon at least 10 days notice, and must contain on its face the statutory warning that "failure to appear in court may result in * * * immediate arrest and imprisonment for contempt of court." Although the respondents' application was in writing, it did not comply with the 10-day notice and warn-

ing requirement. As such, the Supreme Court was without jurisdiction to punish the petitioner for contempt for failing to comply with its prior orders (*see* Judiciary Law § 756; *Cappello v Cappello,* 274 AD2d 538; *Matter of Dawn P.,* 180 AD2d 800).

In view of our determination, we need not reach the petitioner's remaining contentions. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.