South Park Assoc. v 230 Park S. Apts. (2004 NY Slip Op 50569(U))

[*1]

South Park Assoc. v 230 Park S. Apts.

2004 NY Slip Op 50569(U)

Decided on April 22, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 22, 2004

Supreme Court, New York County
SOUTH PARK ASSOCIATES, Plaintiff,
against
230 PARK SOUTH APARTMENTS, INC. and IAN REISNER, individually. Defendants.
103078/04

Karen S. Smith, J.
Plaintiff's motion for an order, pursuant to CPLR § 5104, adjudging defendants in Contempt of Court, is granted.
This is an action for breach of contract and tortious interference. Plaintiff South Park Associates, LLC is the owner of unsold shares of the defendant South Park Apartments, Inc. and defendant Ian Reisner is the president of the corporate defendant's board of directors. Plaintiff sought to refinance the mortgages on shares for certain apartments and needed defendants to perform the ministerial act of issuing various documents in connection with the refinancing.
According to the complaint (1) the parties' proprietary lease provides that holders of unsold shares do not need consent to the assignment from the board of directors provided that all sums due from the lessee shall have been paid, and (2) a 1995 stipulation of settlement in a prior Supreme Court action between plaintiff's predecessor in interest and defendant acknowledges that the holder of unsold shares does not need consent of the board of directors to transfer shares and further states that the board of directors will execute requested stock certificates so long as maintenance payments are current. Plaintiff avers that no money was due and owing.
Plaintiff alleges that notwithstanding these documents and notwithstanding plaintiff's willingness to pay, without prejudice, all outstanding sums for the subject apartments alleged by [*2]defendants to be owed, which defendants originally claimed amounted to $29,376.88, defendants refused to issue the necessary documentation, breaching the parties' contracts. In addition, plaintiff claims that defendant Ian Reisner, who has been president of defendant corporation's board of directors for the last seven years, and who is aware of the clear language of the proprietary lease and settlement agreements and plaintiff's willingness to pay all sums due, has willfully refused to sign the transfer documents, thereby tortiously interfering with the contract between plaintiff and its bank in plaintiff's attempt to refinance the apartments.
Plaintiff then moved, by order to show cause, for an order compelling plaintiff to assign the various apartments and issue all relevant documentation. On March 4, 2004, the return date of the motion, defendants contended that plaintiff had to pay amounts owed for all apartments owned by plaintiff, not only those apartments involved in the assignment, raising the amount claimed to be owed to $80,175.09.
The parties entered into a stipulation of settlement in open Court using a blank Supreme Court stipulation form. The stipulation provides:

1. Defendants hereby agree to prepare sign and issue all necessary documents, to assign apartments . . . in exchange of a payment, without prejudice, by Plaintiff in the amount of $80,175.09 to 230 Park South Apartments, Inc.
2. The Assignment . . . shall take place not later than March 10, 2004.
3. Payment by Plaintiff will be simultaneous with acceptance of all necessary documents for the transfer from 230 Park South Apartments, Inc.
4. Plaintiff and Defendants reserve all rights hereunder.
The stipulation was "So Ordered" by this Court and was signed by plaintiff's attorney and defendants' attorney. Under the lines for signatures are the pre-printed words "Attorney for Plaintiff" and "Attorney for Defendant;" to the latter was added the letter "s", thus reading "Attorney for Defendants." The stipulation did not require payment in certified funds.
Plaintiff now moves for an order, pursuant to CPLR § 5104, adjudging defendants in contempt of court for willfully violating the "So Ordered" stipulation of settlement.
According to the affidavit of plaintiff's managing director, Alan P. Rosefielde, on the day before the scheduled closing on March 10, 2004, defendants demanded payment of $87,478.51 in certified funds in contravention of the terms of the stipulation. Plaintiff submits a facsimile from defendants' management company, indicating that it was sent on March 9, 2004 at 5:19 PM, stating that the closing scheduled for the next day was to take place at 10:00 AM and that plaintiff had to pay $87,458.51 in certified funds. Mr Rosefielde asserts that the management company and defendants' attorney were made aware that the court order was being violated, but that on the instructions of defendant Reisner, they stated that the closing would not take place unless plaintiff was paid the additional amount in the form of a certified or bank check. Plaintiff argues that by requiring certified funds and a higher amount, defendants willfully disregarded the terms of this Court's order.
Plaintiff contends that as a result of defendants' contemptuous conduct, it suffered actual [*3]damages in that it was forced to pay the additional $7,303.42, and costs including attorney's fees and court costs.
In opposition to the motion, defendants submit the affidavit of defendant Ian Reisner, the president and member of defendant's board of directors, in which he recounts the procedural history of the case including the execution of the stipulation of settlement in Court on March 4, 2004. Defendant Reisner states that after the stipulation was executed, defendant's managing agent "discovered" that stipulated sum did not include all amounts owed by plaintiff so it included those overlooked charges in the amount it demanded in order for the closing to occur. Mr Reisner states that the higher amount demanded "is simply a reflection of the additional fees that accrued in the interim period." Reisner explains that the board of directors and its managing agent, not he individually, "used its business judgment in collecting the additional money owed."
Thus, defendants admit knowledge of the so ordered stipulation i.e. court order and its terms and they admit that they refused to obey it.
Civil Practice Law and Rules § 5104 provides that any interlocutory or final judgment not otherwise enforceable "may be enforced by serving a certified copy of the judgment or order upon the party or other person required thereby or by law to obey it and, if he refuses or wilfully neglects to obey it, by punishing him for a contempt of the court." Judiciary Law § 753 contains a detailed list of offenses that invoke the contempt penalty and Judiciary Law § 753(A)(3) can be read with CPLR § 5104, as it, too, offers the remedy of contempt for "any ... disobedience to a lawful mandate of the court." A "so ordered" stipulation, as a court order, is one form of order enforceable by CPLR § 5104. (See, e.g., Fuerst v Fuerst, 131 AD2d 426 [2d Dept 1987]; Niagara Mohawk Power Corp. v. Green Island Power Auth., 260 A.D.2d 849 [3rd Dept 1999]). Judiciary Law § 753 defines civil contempt as behavior "by which a right or remedy of a party to a civil action . . . may be defeated, impaired, impeded, or prejudiced."
If a finding of civil contempt has been adjudged, the court may impose a fine of either actual damages or costs plus $250.00. Judiciary Law § 773. The difference between the two is explained as follows:

By its unambiguous terms the statute distinguishes between the amount of the fine assessable in two separate types of civil contempt cases, one where actual damage has resulted from the defendants' contemptuous acts and one where there may be prejudice to a complainant's rights but 'it is not shown that such an actual loss or injury has been caused' (Judiciary Law, § 773). In the first type of case the fine must be 'sufficient to indemnify the aggrieved party'; in the latter the fine may not exceed the amount of the complainant's costs and expenses plus $ 250 (§ 773; see Moffat v Herman, 116 NY 131).
State v. Unique Ideas, Inc., 44 N.Y.2d 345, 349 [1978].
Pursuant to Judiciary Law § 773 the fine imposed may include attorney's fees as part of the complainant's costs and expenses. (People v Rochester & State Line RR Co., 76 NY 294, 301 [1879]).
[*4]
The failure to comply with the procedures set forth in Judiciary Law § 756 for an application to punish for contempt is a jurisdictional defect and may require dismissal. (P&N Tiffany Props. v. Williams 302 A.D.2d 466 [2d Dept 2003]). Where an alleged contemnor "contest[s] the contempt application on the merits and failing to object in a timely manner to the omission of the notice and warning required by section 756 of the Judiciary Law, respondent waive[s] the protections afforded by the statute."(In re Estate of Rappaport, 58 NY2d 725 [1982]).
Plaintiff's papers contain the warning but do not contain the required notice provision of Judiciary Law § 756. Defendants have defended on the merits, and, therefore, that issue has been waived. Civil Practice Law and Rules § 5104 provides that a certified copy of the order must be served on the party thereby required to obey it and the failure to do so has resulted in the denial of the motion. (Present v Aranyi, 38 AD2d 801[1st Dept 1972]). Generally, actual knowledge of the order estops the alleged contemnor from asserting that defense. (Campanella v Campanella, 152 AD2d 190 [2d Dept 1999]). Here, as neither party addresses service of a certified copy of the order, and in light of defendants'admissions, that issue is moot.
Plaintiff has demonstrated and the Court determines that defendants' actions in altering the terms of the court order were calculated to and did defeat, impair, impede, or prejudiced plaintiff's rights accorded in the stipulation. Defendants' argument that they were entitled to collect more money in order to complete the assignment at the closing is meritless as that issue was decided in the so ordered stipulation. The issue on this motion is whether defendants committed a contempt by refusing to comply with a Court order. Defendant Reisner's statement that the board of directors and its managing agent used their "business judgment" in collecting the additional money owed, and not he, individually, lacks merit as (1) that is not a defense to a contempt proceeding, (2) the so ordered stipulation was signed on his behalf, and (3) he admits knowledge of the order and the refusal to obey it.
In addition, plaintiff has demonstrated entitlement to a fine based on defendants' contempt. It is noted that plaintiff's request for a fine, as stated in the supporting affidavit, includes both actual damages and costs, going beyond that which is allowable pursuant to Judiciary Law § 773. Plaintiff must choose between actual damages or costs.
Accordingly, the motion is granted. Settle long form order.
Dated: April 22, 2004ENTER:
_________________
J.S.C.