■ GEORGE R. COOLEY et al., Plaintiffs, and MOHONK PRESERVE, INC., Respondent, v CNYE REALTY CORPORATION, INC., et al., Defendants. KAREN PARDINI et al., Appellants. [791 NYS2d 702]—

Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered March 30, 2004 in Ulster County, which, inter alia, granted a motion by plaintiff Mohonk Preserve, Inc. to substitute Karen Pardini and Michael Fink for defendant Smitty's Ranch, Inc.

In 1977, plaintiffs commenced this action to quiet title to a 21.4-acre parcel of land, a portion of which was also claimed by defendant CNYE Realty Corporation, Inc. under a 1975 deed from defendant Smitty's Ranch, Inc. In 1982, the parties entered into a stipulation of settlement in open court that resolved ownership of the disputed portion of the parcel in favor of plaintiff Mohonk Preserve, Inc. (hereinafter plaintiff), established boundary lines, required the parties to execute a separate boundary line agreement and expressly discontinued the action. Although Supreme Court (Klein, J.) "so ordered" the stipulation on March 25, 1985, and it was duly filed with the clerk of the court, the parties never executed the separate boundary line agreement. Later in 1985, Barclay's Bank of New York—the successor to defendant Bankers Trust Hudson Valley—brought

a mortgage foreclosure action against the successor in interest to Smitty's Ranch. That action resulted in a judgment that recognized the earlier stipulated order and allegedly excluded the disputed parcel from the property obtained by Barclay's Bank. In 1987, Karen Pardini and Michael Fink became the owners of the property formerly owned by Smitty's Ranch through two deeds that referenced the boundary lines set forth in the 1982 stipulation. They also obtained a quitclaim deed to the 21.4-acre parcel from Barclay's Bank.

Over the ensuing years, Pardini and Fink and plaintiff disputed each other's ownership, but took no legal action until 2003, when plaintiff moved for an order pursuant to CPLR 1021 substituting Pardini and Fink as parties in the 1977 action and directing them to execute the boundary line agreement. Over Pardini's and Fink's opposition, Supreme Court found that the 1977 action had not been discontinued, held that Pardini and Fink—as successors in interest to Smitty's Ranch—were required to execute the boundary line agreement, and granted plaintiff's motion. Pardini and Fink now appeal.

Inasmuch as the "so ordered" stipulation unconditionally discontinued this lawsuit, we reverse. The stipulation expressly states that the parties agreed to discontinue the action on the merits (*compare Teitelbaum Holdings v Gold*, 48 NY2d 51 [1979]). On the record, Supreme Court (Klein, J.) directed that "[t]he matter will be continued until the stipulation signed is returned to the [c]ourt for its being 'So Ordered,' and I remind all parties that it is not a self-executed agreement." Although the court added that the parties would presumably comply with the agreed-upon terms of the stipulation, the stipulation contains no language to support a finding that the action was to continue pending execution of the boundary line agreement. A transcript of the stipulation was then prepared, the attorneys of record for all parties signed it as directed by the court and it was "so ordered" on March 26, 1985. Since the action was discontinued by stipulation and order of the court in 1985, there was no action in which plaintiff's motion for substitution could be made in 2003 (*see Matter of Niagara Mohawk Power Corp. v Green Is. Power Auth.*, 260 AD2d 849, 850 [1999]; *Denberg v Denberg*, 22 AD2d 65, 66 [1964], *affd* 15 NY2d 998 [1965]). Accordingly, the motion should have been denied.

We also note that while this ruling does not preclude plaintiff from commencing a new action to quiet title based upon the ownership rights recognized in the 1985 order, enforcement of the provision requiring execution of a separate boundary line agreement would be time-barred. The applicable limitations pe-

riod of six years expired long ago, whether the 1985 order is viewed as an agreement (*see* CPLR 213 [2]; *Long Is. Light. Co. v Ambro*, 290 AD2d 508, 509 [2002]) or as an order (*see* CPLR 213 [1]; *Tauber v Lebow*, 65 NY2d 596, 598 [1985]).

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.