[825 NYS2d 109]

In the Matter of VIVIAN L. HAUSCH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 21, 2006

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Vivian Hausch,* White Plains, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated July 19, 2004, containing eight charges of professional misconduct. The respondent served an answer dated November 30, 2004, essentially denying the charges, and asserting affirmative defenses. Following preliminary conferences on December 21, 2004, and April 26, 2005, a hearing was held on June 21, 2005, and June 28, 2005. The petitioner called the respondent as a witness and submitted 40 exhibits into evidence. The respondent appeared pro se, testified on her own behalf and submitted six exhibits into evidence. The petitioner withdrew Charges Four, Five, Six, and Seven. The Special Referee sustained Charges One, Two, Three, and Eight. The petitioner now moves to confirm the findings of the Special Referee and for the imposition of such discipline as to this Court seems just and proper. The respondent cross-moves for an order, inter alia, disaffirming the Special Referee's report insofar as it sustains Charges One, Two, Three, and Eight, striking the summary of testimony set forth in the motion to confirm or, in the alternative, granting the respondent additional time to submit a corrected version of the summary of testimony.

The charges are predicated upon the respondent's conduct and the litigation arising with respect to the Village of Tuckahoe's enforcement of its zoning code regarding the use and occupancy of a storefront premises located at 99 Main Street, owned by the respondent's client, P & N Tiffany Properties, Inc. (hereinafter P & N). The charges also arise from the respondent's failure to comply with the Grievance Committee's requests for specific information regarding her client, P & N, and that she appear at its offices to testify under oath regarding these matters.

Charge One alleges that the respondent engaged in conduct that adversely reflects on her fitness to practice law and that is prejudicial to the administration of justice by failing to cooper-

ate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated April 6, 2004, the Grievance Committee requested information from the respondent. By letter dated April 12, 2004, the respondent submitted a response but refused to provide certain information requested by the Grievance Committee.

By letter dated May 5, 2004, the Grievance Committee directed the respondent to provide specific information, including what, if any, ownership interest she has or had in P & N, if she was, or ever had been, an officer or director of P & N, the name of all other shareholders and/or officers of P & N, to explain any relationship she had with the shareholder and/or officers of P & N, and if she represented P & N or any of the officers in any other legal matters.

By letter dated May 15, 2004, the respondent submitted a response but refused to provide certain information requested by the Grievance Committee.

By letter dated May 17, 2004, the Grievance Committee required the respondent to appear at its office on June 8, 2004.

In a response dated May 22, 2004, the respondent inquired, inter alia, whether she was being required to appear for a hearing pursuant to 22 NYCRR 691.4 (e) (4) and (f).

By letter dated May 26, 2004, the Grievance Committee advised the respondent that the sua sponte complaint was not meant to constitute written charges pursuant to 22 NYCRR 691.4 (e) (4). By letter dated June 3, 2004, the respondent advised the Grievance Committee that she would not be appearing on June 8, 2004.

By letter dated June 4, 2004, the Grievance Committee advised the respondent that 22 NYCRR 691.5 (b) authorized the Committee during investigations to take her sworn testimony. The respondent failed to appear at the offices of the Grievance Committee and provide sworn testimony on June 8, 2004.

By letter dated June 9, 2004, the respondent acknowledged receipt of the Grievance Committee's June 4, 2004, letter.

Charge Two alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to timely comply with one or more court directions in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

The respondent represented P & N in *Matter of P & N Tiffany Props., Inc. v Williams* (Sup Ct, Westchester County, Index No. 8572/01).

By order dated July 16, 2001, the Supreme Court, Westchester County, directed the building inspector of the Village of Tuckahoe, within five days of receipt of the order, to arrange for the inspection of the subject premises and the issuance of a certificate of occupancy.

By order dated October 17, 2001, the Supreme Court directed P & N to conform to the order by permitting an inspection of the subject property.

By order dated November 30, 2001, the Supreme Court directed "counsel and her client" to comply with the outstanding orders of the court and indicated a willingness to entertain motions for contempt.

By order dated January 30, 2002, the Supreme Court held P & N in contempt of the three orders dated July 16, 2001, October 17, 2001, and November 30, 2001, and directed that the subject premises be made available for inspection. A time and date was set for the inspection.

By decision and order on motion of this Court dated March 5, 2002, a stay of enforcement of the orders dated July 16, 2001, November 30, 2001, and January 30, 2002, was granted pending the hearing and determination of appeals from those orders.

By decision and order dated February 10, 2003, this Court affirmed the orders dated July 16, 2001, and November 30, 2001, found no merit to the argument that the inspection requirement had been waived, and held that the orders dated July 16, 2001, and November 30, 2001, were proper (*see Matter of P&N Tiffany Props. v Williams,* 302 AD2d 466 [2003]). This Court further stated that: "The court-ordered remedy was appropriate in light of the petitioner's demand in its petition." This Court reversed the January 30, 2002, order to the extent that it held P & N in contempt because it did not comply with the 10-day notice and warning requirement.

The respondent moved in this Court for reargument and/or leave to appeal to the Court of Appeals. By decision and order on motion dated May 9, 2003, this Court denied the motion.

On September 16, 2003, the New York Court of Appeals denied the respondent's motion for leave to appeal (*see P&N Tiffany Props. v Williams,* 100 NY2d 512 [2003]).

The respondent and her client failed to comply with the court's orders.

Charge Three is predicated upon the facts of Charge Two and alleges that the respondent violated Code of Professional Responsibility DR 7-106 (a) (22 NYCRR 1200.37 [a]) by disregarding and/or advising her client to disregard a ruling of a tribunal made in the course of a proceeding.

The respondent disregarded and/or advised her client to disregard one or more of the above-mentioned rulings of a tribunal made in the course of a proceeding.

Charge Eight alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by making conflicting representations regarding the location of her law office in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent submitted an affirmation in *Matter of P & N Tiffany Props., Inc. v Williams,* to the Supreme Court, Westchester County, alleging that she "never opened her law office" at 99 Main Street, Tuckahoe, N.Y.

By letter dated September 10, 2003, the respondent denied having a law office at that address to the Grievance Committee.

The respondent indicated or implied that she had a law office at 99 Main Street, Tuckahoe, N.Y., to one or more of the following:

(a) The Building Inspector of the Village of Tuckahoe, by letters dated May 4, 2000, and October 10, 2000.

(b) The Department of State of the State of New York by certificate of incorporation of T. Pie.

(c) The Office of Court Administration of the State of New York by her attorney registration.

Based upon the relevant decisions and orders of the Supreme Court, Westchester County, and of this Court, together with the respondent's admissions and the evidence adduced, the Special Referee properly sustained Charges One, Two, Three, and Eight. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, the petitioner informs the Court that its records reveal no prior disciplinary history against the respondent.

The respondent is suspended for six months for her professional misconduct.

PRUDENTI, P.J., FLORIO, SCHMIDT, ADAMS and CRANE, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report with respect to Charges One, Two, Three, and Eight is granted and the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Vivian L. Hausch, is suspended from the practice of law for six months, commencing December 21, 2006, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period she (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal educational requirements of 22 NYCRR 691.11 (c) (4), and (d) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Vivian L. Hausch, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Vivian L. Hausch, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).