■ JOSEPH F. DiBELLA et al., Respondents, v BRIAN MARTZ, Appellant. [871 NYS2d 453]—

Malone Jr., J. Appeal from an order of the Supreme Court

(Teresi, J.), entered July 3, 2008 in Rensselaer County, which granted plaintiffs' motion to hold defendant in civil contempt.

Plaintiffs and defendant are owners of adjacent properties located in the Town of East Greenbush, Rensselaer County. They became embroiled in a dispute over a strip of land approximately 150 feet long by 12 feet wide to which they each claimed title, culminating in plaintiffs' commencement of an action against defendant for adverse possession. The parties eventually resolved the action by entering into a stipulation of settlement under which defendant was deemed the legal owner of the subject property and plaintiffs waived all interest therein, except for a lifetime easement permitting them to maintain a six-foot vinyl fence, deck and wood shed thereon. Defendant, in turn, agreed to wash the fence facing his property once a year and not to modify, damage or hang anything from the fence. The stipulation was "so ordered" by Supreme Court and then filed with the Rensselaer County Clerk.

Subsequently, plaintiffs sought, by order to show cause, to hold defendant in civil contempt under Judiciary Law § 753 for his violation of the stipulation of settlement. Specifically, plaintiffs claimed that defendant violated the stipulation by cutting down one of plaintiffs' trees, stacking wood and pallets against the fence, mowing within the easement area, and placing a swing set and yard bags within the easement area. Defendant submitted proof in opposition to the application. Without conducting a hearing, Supreme Court found defendant to be in contempt and, among other things, directed him to remove the items in the easement area within 10 days or be subject to a $250 per day fine. Defendant appeals.

Although denominated an application to hold defendant in contempt, plaintiffs' application essentially seeks to enforce the terms of the stipulation of settlement prohibiting defendant from doing specified things on the subject property. The proper procedural vehicle for seeking such enforcement, whether by motion or a plenary action, was addressed by the Court of Appeals in *Teitelbaum Holdings v Gold* (48 NY2d 51 [1979]). There, the Court held that the key factor to a court's retention of supervisory power over an action and its ability to aid in the enforcement of a stipulation was whether the action had actually been terminated (*id.* at 53). In this regard, it noted that a settlement agreement would terminate an action if it contained an express stipulation of discontinuance or if a judgment was actually entered in accordance with its terms (*id.*).

In the case at hand, the stipulation of settlement was agreed to by the parties in open court, was "so ordered" by Supreme

Court and was then filed with the Rensselaer County Clerk. Under its express terms, the parties "stipulate[d] to *dismiss with prejudice* all claims and counterclaims in this action that are pending" (emphasis added). In accordance therewith, plaintiffs agreed to terminate with prejudice the lis pendens on file in the Rensselaer County Clerk's office. Clearly, the terms of the stipulation reveal that, for all intents and purposes, the parties effectively discontinued the action. This conclusion is reinforced by Supreme Court's notation on the record that the case was settled and off the calendar. Under the circumstances presented, we find that the filing of the stipulation effectively discontinuing the action, as so ordered by Supreme Court, was tantamount to the filing of a judgment terminating it. Accordingly, the appropriate method for plaintiffs to enforce the stipulation was the commencement of a plenary action (*see Matter of Niagara Mohawk Power Corp. v Green Is. Power Auth.*, 260 AD2d 849, 850 [1999]; *see also Matter of Village of Greenwood Lake v Mountain Lake Estates*, 189 AD2d 987, 987-988 [1993], *lv dismissed* 81 NY2d 1006 [1993]). Consequently, the motion should have been denied.

Mercure, J.P., Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.