*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                     519226
_____

JOHN SALVADOR JR. et al.,
                    Appellants,

        v

TOWN OF LAKE GEORGE ZONING
    BOARD et al.,                          MEMORANDUM AND ORDER
                    Defendants,
        and

RICHARD HYMAN et al.,
                    Respondents.
_____

Calendar Date:  May 29, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Madeline Sheila Galvin, Delmar, for appellants.

        Stafford Carr & McNally, PC, Lake George (Brian S.
Reichenbach of counsel), for respondents.

                        _____


Clark, J.

        Appeal from an order of the Supreme Court (Aulisi, J.),
entered January 31, 2014 in Warren County, which, among other
things, denied plaintiffs' motion to enforce a stipulation.

        In 1998, plaintiffs and Top of the Mountain Associates
(hereinafter TMA), adjacent landowners, entered into a boundary
line agreement that fixed a common boundary line through the
center of a roadway known as Shaw Road Extension, a private
roadway serving as an extension of Shaw Road in the Town of Lake
George, Warren County.  In addition, the boundary line agreement

between plaintiffs and TMA provided each party — including their heirs, successors and assigns — a reciprocal right-of-way for ingress and egress on each party's portion of the roadway.

In 1999, defendants Richard Hyman and Diane Hyman (hereinafter collectively referred to as defendants) purchased several lots from TMA that included the right of ingress and egress over Shaw Road and Shaw Road Extension.  At some point after purchasing their property, defendants made several attempts to repair Shaw Road Extension and, allegedly, plaintiffs have interfered with these attempts.  In 2005, plaintiffs commenced this action seeking declaratory relief regarding, among other things, the legal status of defendants' land.  Defendants counterclaimed, seeking, among other things, a declaratory judgment that they had an easement over plaintiffs' property for ingress and egress and that they had the ability to maintain and improve Shaw Road Extension.

In 2006, the parties participated in a settlement conference before Supreme Court in order to address the parties' claims, which concluded without an agreement; however, following the conference, the parties engaged in further discussions and agreed on the terms negotiated on the record of the conference. The parties then entered into a written "settlement stipulation," which incorporated the transcript of the settlement conference and indicated that each and every term of the settlement was included in such transcript.  The parties further agreed that "both the action in chief and all counterclaims are hereby discontinued and all motions are hereby withdrawn, all with prejudice."  The stipulation, which represented a "full and final settlement of all claims . . . and counterclaims" of the parties, was filed and recorded with the Warren County Clerk's office on April 12, 2006.

In 2013, plaintiffs filed a motion in this action seeking, among other things, to enforce the stipulation.  Specifically, plaintiffs alleged that defendants had failed to construct the road according to the terms of the stipulation indicated in the transcript of the settlement conference.  Supreme Court denied plaintiffs' motion, finding that the action had been terminated by the stipulation of settlement and that plaintiffs were

required to bring a plenary action to enforce the terms of the stipulation.  Plaintiffs now appeal.

Where, as here, a settlement agreement contains an express stipulation of discontinuance or actual entry of judgment in accordance with the terms of the settlement, commencement of a plenary action is necessary to enforce the settlement since the court does not retain the power to exercise supervisory control over previously terminated actions and proceedings (see Teitelbaum Holdings v Gold, 48 NY2d 51, 54-55 [1979]).  Inasmuch as the parties here have unequivocally executed and entered "an express, unconditional stipulation of discontinuance" (id. at 56; compare Aaron v Aaron, 2 AD3d 942, 943-944 [2003]), Supreme Court properly denied plaintiffs' motion (see DiBella v Martz, 58 AD3d 935, 936-937 [2009]; Cooley v CNYE Realty Corp., Inc., 16 AD3d 871, 872 [2005]).

Plaintiffs' remaining arguments are without merit.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court