DeLap v Serseloudi (2020 NY Slip Op 03443)





DeLap v Serseloudi


2020 NY Slip Op 03443


Decided on June 18, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 18, 2020

529470

[*1]Pamela DeLap, Respondent,
v
Michaela M. Serseloudi et al., Defendants. Jordan R. Pine, Appellant.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Jordan R. Pine, Rock Hill, appellant pro se.
Pamela DeLap, Ballston Spa, respondent pro se.



Per Curiam.
Appeal from an order of the Supreme Court (Hartman, J.), entered March 21, 2019 in Albany County, which, among other things, granted plaintiff's motion to vacate a stipulation of settlement.
After she purportedly sustained injuries as the result of shoddy dental work, plaintiff and, derivatively, her husband, Ronald DeLap, commenced this dental malpractice action in 2016. A settlement was negotiated in May 2018 providing for a total payment of $150,000, from which the DeLaps would receive $85,000 as the result of a commitment by their attorney, Jordan R. Pine, to forgo a portion of his counsel fee. The DeLaps refused to execute the settlement documents, prompting Pine to move for, among other things, confirmation of the settlement and leave to withdraw as the DeLaps' counsel. The DeLaps, Pine and defense counsel participated in a conference on the motion return date in August 2018 that ended with the DeLaps agreeing to execute the May 2018 settlement documents, but with a commitment by Pine to forgo more of his counsel fee so that they would receive $90,000 of the settlement proceeds. The previously prepared documents included a stipulation and order that set forth the terms of the agreement — which was executed and acknowledged by the DeLaps and counsel for defendants, then "so ordered" by Supreme Court (Mackey, J.) — and a new handwritten side agreement between the DeLaps and Pine addressed the counsel fee issue.[FN1]
As specified in the stipulation and order, a settlement check for $150,000 was made payable to both the DeLaps and Pine. Pine forwarded the settlement check to the DeLaps and requested that they indorse and return the check to him so that he could deposit it in his escrow account and cut them a check for $90,000. After the DeLaps failed to do so, Pine moved for an order directing that defendants' malpractice insurance carrier issue separate checks to the DeLaps and Pine for the amounts to which they were entitled under their side agreement. The DeLaps opposed that motion and moved for a variety of relief that included vacating the August 2018 settlement agreement and side agreement, permitting Ronald DeLap to withdraw as a party and removing Pine as their attorney. Defendants opposed Pine's motion because they had no wish to be pawns in the counsel fee dispute between the DeLaps and Pine, then submitted no opposition to the DeLaps' motion. Following oral argument, Supreme Court (Hartman, J.) granted the DeLaps' motion to the extent that it sought the relief listed above and denied Pine's motion as moot. Pine appeals.[FN2]
As contemplated by the stipulation and order, counsel for the parties executed a stipulation of discontinuance that was filed with the Albany County Clerk (see CPLR 3217 [a] [2]). The filing occurred before any of the motion practice at issue and, as a result, a plenary action was required "to enforce [or set aside] the settlement since the court does not retain the power to exercise supervisory control over previously terminated actions and proceedings" (Salvador v Town of Lake George Zoning Bd., 130 AD3d 1334, 1335 [2015]; see Teitelbaum Holdings v Gold, 48 NY2d 51, 56 [1979]; DiBella v Martz, 58 AD3d 935, 936-937 [2009]; Matter of Niagara Mohawk Power Corp. v Green Is. Power Auth., 260 AD2d 849, 850 [1999]). Indeed, "[w]hen an action is discontinued, it is as if it had never been," and Supreme Court lacked authority to grant any of the requested relief (Newman v Newman, 245 AD2d 353, 354 [1997]; see Harris v Ward Greenberg Heller & Reidy LLP, 151 AD3d 1808, 1810 [2017]). It follows that both motions should have been denied in their entirety.
Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion; said motion denied and, as so modified, affirmed.



Footnotes

Footnote 1: Justice Mackey recused himself in the wake of the August 2018 settlement agreement.

Footnote 2: We granted a stay of proceedings at the trial level pending the outcome of this appeal (2019 NY Slip Op 82809[U] [2019]).